**In re Adam SMITH, Debtor.**

**Edna SMITH, Plaintiff,**

v.

**Adam SMITH, Defendant.**

**Bankruptcy No. 83–00370(2).**
**Adv. No. 83–0212(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 2, 1984.

Adam Smith, pro se.

Donald L. Turbyfill, St. Louis, Mo., for debtor.

Bertram Cooper, St. Louis, Mo., for plaintiff.

Stuart Radloff, Clayton, Mo., Trustee.

MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff filed her Complaint seeking (1) relief from the automatic stays under 11 U.S.C. 362(a) in order to obtain certain real and personal property allegedly awarded her by the St. Louis City Circuit Court in its decree dissolving her marriage to Defendant, (2) denial of his discharge for Defendant's alleged fraudulent conveyance prior to bankruptcy of certain real property to one Alice Davidson, and (3) a determination that certain obligations owed her and her attorney under the aforementioned dissolution decree are non-dischargeable under 11 U.S.C. 523(a)(5).

At the hearing, Plaintiff's counsel orally announced that Plaintiff was dismissing her objection to Defendant's discharge.

The facts of this case are the following:

1. On April 26, 1982, the Circuit Court for the City of St. Louis, Missouri, entered its order dissolving the marriage of Plaintiff and Defendant. Under the terms of its decree, the Court ordered Defendant to pay Plaintiff the sum of $40 per week for each of their two (2) minor children and the sum of $40 per week for her own individual maintenance. Also, the Court awarded

Plaintiff the following items of real and personal marital property:

121 College Street, Clarendon, Arkansas Lot 1, Holly Kay Addition to the City of Clarendon. Value: $2,000.00.

Insurance policy for Respondent. Cash Value: $1,095.43.

Insurance policy for minor child owned by Respondent. Cash value: $100.00.

1978 Cougar. Value: $1,800.00.

The portion of the McDonnell-Douglas Hourly Savings Plan upon which there is a present right to withdrawal. Value: $3,056.00.

61 shares of McDonnell-Douglas Corporation. Value: $2,104.50.

Three (3) savings bonds. Value: $112.50.

Bank account at Plaza Bank of Westport. Value: $66.83.

Bank account at Landmark Bank of Wellston. Value: $180.56.

The dissolution court further ordered Defendant to pay certain marital debts owed Household Finance Corporation, Dixie Furniture Company, and Merchant and Planters Bank of Clarendon, and ordered him to pay the attorney's fees of her present counsel, Bertram Cooper, P.C.

2. At the hearing on this complaint, the parties stipulated that certain of the above-listed items of property were, in fact, the sole property of Plaintiff and that Defendant and the estate herein had no interest in said items. Although the parties did not so stipulate as to the remaining items of property, neither the Defendant nor the Trustee made any contention that any of these remaining items of property were assets of either the estate or of the Defendant.

3. With respect to Plaintiff's non-dischargeability count, Plaintiff testified that she had not been employed at the time of the parties' dissolution and, in fact, had not been employed since 1981. She further testified that the indebtedness owed Household Finance Corporation was originally incurred to purchase furniture that Plaintiff was subsequently awarded in the dissolution, the indebtedness owed Dixie Furni-

ture Company was originally incurred to purchase mattresses for the parties' two minor daughters and that the indebtedness owed Planters and Merchants Bank of Clarendon was incurred to make one month's mortgage payment on the house in Clarendon, Arkansas, which was awarded to Plaintiff in the dissolution and in which Plaintiff and the two minor children have resided since the dissolution.

4. Defendant testified that at the time of the dissolution, he was employed by McDonnell-Douglas Corporation as a sheet metal worker. His annual salary for 1981 was $28,000, and presumably, Defendant was receiving at least that same rate of pay some four (4) months later at the time of his dissolution. However, in July, 1982, Defendant testified that he suffered a heart attack and underwent surgery. Since that time, upon his doctor's advice, he has been unable to return to his job. His sole source of income at present is Social Security benefits of approximately $620 per month.

CONCLUSIONS

(a) *Relief From the Automatic Stays*

■ Since the parties have stipulated that some of the items of property belong solely to Plaintiff and since there is no controversy as to the remaining items of property, the automatic stays should be lifted to enable Plaintiff to exercise her rights under the dissolution decree.

(b) *Objection to Discharge*

Plaintiff seeks to dismiss this count of her complaint and, therefore, it will be dismissed.

(c) *Non-dischargeability of Dissolution Decree Obligations*

■ Clearly, Defendant's obligation to support his minor children is non-dischargeable under 11 U.S.C. 523(a)(5). Likewise, since Defendant earned a substantial income at the time of the dissolution and since Plaintiff was unemployed and had the custody of two minor children, the dissolution court's order that Defendant pay Plaintiff forty ($40) dollars per week is also

actually in the nature of support and, therefore, non-dischargeable. Any issue of his present ability or inability to meet his obligations is immaterial.

■ Defendant contends that, under the authority of *In re Moyer*, 13 B.R. 436 (D.C. W.D.Mo.1981), the award of attorney's fees to Plaintiff is dischargeable. While it is true that this case made such a holding, the holding is contrary to the principles of law given in *In re Williams*, 703 F.2d 1055 (8th Cir.1983). As stated in that case, the overriding consideration in determining whether attorney's fee awards are non-dischargeable is whether they are "actually in the nature of support". Here, the great disparity in the parties' financial resources at the time of their dissolution dictates a conclusion of non-dischargeability for the award of attorney's fees to Bertram Cooper, P.C.

Finally, Plaintiff seeks a determination that certain debts owed Household Finance Corporation, Dixie Furniture Company, and Planters and Merchants Bank of Clarendon are non-dischargeable. In so doing, Plaintiff misconstrues the scope of section 523(a)(5) of the Bankruptcy Code. That section does not render non-dischargeable a debt to a third party itself but only the debtor's obligation to hold his or her ex-spouse harmless from payment of this debt, *See,* Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) pp. 77–79.

■ After reviewing the purposes for which these debts were incurred, the Court concludes that Defendant's obligations to hold Plaintiff harmless from payment of the afore-mentioned debts are non-dischargeable under 11 U.S.C. 523(a)(5) all of the debts were incurred to provide necessaries for Plaintiff and the parties' children.

However, the Court cannot accommodate Plaintiff's prayer for judgment against Defendant for the amounts of these debts. There is no evidence that Plaintiff, herself, has, to date, paid anything on them.

Also, Plaintiff's prayer for her attorney's fees incurred in these bankruptcy proceedings must be denied since there is no authority for such an award.

A separate order consistent with this opinion will be entered this date.