In the Matter of Thomas E. EARL and Devona J. Earl, Debtors.

Joan HOLCER, Plaintiff,

v.

Thomas E. EARL, Defendant.

Bankruptcy No. 83–02177–SJ.
Adv. No. 84–0304–SJ.

United States Bankruptcy Court,
W.D. Missouri, St. Joseph Division.

June 3, 1985.

Dennis R. Dow, Kansas City, Mo., for plaintiff.

Jere L. Loyd, St. Joseph, Mo., Arthur B. Federman, Kansas City, Mo., for defendants.

DENNIS J. STEWART, Bankruptcy Judge.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL DECREE THAT DEFENDANT'S INDEBTEDNESS TO PLAINTIFF IN THE SUM OF $8,467.04 IS NONDISCHARGEABLE IN BANKRUPTCY AND FINAL JUDGMENT THAT PLAINTIFF HAVE AND RECOVER THE SAME SUM FROM DEFENDANT

This is an adversary action in which the plaintiff, the former wife of the defendant, sues for a decree of nondischargeability of certain awards made to her by the state dissolution court. After joinder of the issues by the pleadings, the action came on before the bankruptcy court for hearing of its merits on February 28, 1985 in St. Joseph, Missouri. Then plaintiff then appeared personally and by counsel, Dennis R. Dow, Esquire. The defendant also appeared personally and by counsel, Jere L. Loyd, Esquire.

The marriage of the parties was dissolved on August 19, 1982, in the Circuit Court of Livingston County, Missouri. The material features of the "Property settlement agreement" were as follows:

(1) The plaintiff transferred any and all interest in fourteen pieces of real property to the defendant.

(2) Defendant issued fourteen promissory notes to plaintiff having a total principal value of $400,000. None of the principal or any of the notes was to be paid until maturity dates which range from 1990 to 1994. But the defendant was to pay plaintiff interest on the unpaid principal balance at the rate of 10% per annum from October 3, 1982, until September 3, 1984. Thereafter, the interest was to increase to 12% per annum.

(3) The defendant relinquished title to the residential property and another tract of real estate to the plaintiff. He agreed that, if a default occurred in payment on the residential mortgage which caused foreclosure of the premises, he would pay an additional sum of $60,000 to plaintiff.

(4) Plaintiff received custody of two minor children; defendant agreed to pay child support of $250 per month per child; defendant was to pay plaintiff the sum of $2,000 for the month following the dissolution, plus a total of $3,250 in attorney's fees; and defendant received as his sole and separate property all of the farm machinery and equipment, inventory and livestock.

The defendant's petition for relief under title 11 of the United States Code was filed on August 19, 1983. He had prior to that time voluntarily paid plaintiff the sum of $3,333.33 per month. He was in default in payments of interest according to the promissory notes, to the extent of $8,467.04 as of the date of his filing his petition for relief under title 11 of the United States Code. The mortgagee on the residential premises foreclosed on May 18, 1984, and plaintiff and the two children were required to remove themselves from those premises.

Plaintiff seeks a determination of the bankruptcy court that the payments due her under the promissory notes and the $60,000 payment due her in the event of foreclosure of the residence were intended as nondischargeable support and maintenance within the meaning of § 523(a)(5) of the Bankruptcy Code. She further shows, in support of her contentions to this effect, that she had not been employed prior to or during the marriage. During the marriage, she devoted all her time to raising the four children of the marriage and contributing to a small degree to the farming relationship. All the property which is the subject of these proceedings was obtained by the parties during the course of their marriage.

It is the defendant's contention, however, that the awards which were the subject of the "property settlement" agreement were simply that—dischargeable property settlements which have no relation to nondischargeable alimony, support, or maintenance.[1] He further contends that, since the issuance of the state court decree, the plaintiff has gained the ability to support herself. The plaintiff responds that her current ability is immaterial; that, under the rule of *Matter of Jensen*, 17 B.R. 537 (Bkrtcy.W.D.Mo.1982), it is only her need or the lack thereof at the time of the decree which matters. The separation agreement itself seems to characterize the awards as support and maintenance, containing a prefatory recitation as follows:

"To provide for continued support and maintenance for the Wife, and in consideration of the division of the real estate and other personal property described herein, the Husband agrees to execute and deliver to the Wife a series of fourteen notes totaling $400,000 in face value as described in Appendix E of this Property Settlement Agreement, each note secured by a junior deed of trust on certain real estate referred to in Appendix A, and with a maturity date as set forth in Appendix D."

It is true that the issue of dischargeability *vel non* is one which is determined by federal standards and that there-

---

1. "Section 523(a)(5) of the Bankruptcy Code excepts from discharge 'any debt to a ... former spouse ... for alimony to, maintenance for, or support of ... spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement ...' This provision will ... make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless from joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.' Legislative History of Section 523(a)(5) of the Bankruptcy Code. *Thus, an award of support or maintenance is nondischargeable, but a property settlement is dischargeable.*" *Matter of Jensen*, 17 B.R. 537, 539 (Bkrtcy.W.D.Mo.1982) (Emphasis added.)

fore the bankruptcy court need not be bound by the characterization placed on the award by the state dissolution court. Much mischief is wrought by the notion, however, that the bankruptcy court may determine the crucial issue—that of whether the award is a dischargeable property settlement or a nondischargeable award of support—de novo and in disregard of the state court determination. For, "in order to make that determination, the bankruptcy court must accept the relationship between the parties which is contained in the decree of the state court." *Matter of Booth*, 44 B.R. 674, 676 (Bkrtcy.W.D.Mo.1984). If that relationship is established by the facts evidenced in the state court, under the governing state law, to be one of support and maintenance, the award is nondischargeable. "[T]he crucial issue is the function the award was intended to serve." *In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983). With respect to the award of periodic interest payments, the evidence clearly supports a conclusion that they were intended to serve a support function. The above-quoted preamble; the absence of any visible means of support for the plaintiff at the time of the rendition; the fact that the provision for such payments of interest is imbedded in the separation agreement among other provisions plainly intended for support[2]; and the fact that they approximate her living expenses[3] are all factors which tend to demonstrate that the award was intended to be one of support and maintenance. This court is therefore com-

pelled to find that the arrearage shown to exist as of the date of the filing of the petition at bar—the sum of $8,462.04—is an obligation which is not dischargeable in bankruptcy. Beyond that, this court may not go. The title 11 proceedings cannot affect the character or purport to discharge any of the amounts falling due after that date and enforcement of their payment should be sought in a state court of appropriate jurisdiction.

■ In the course of the hearing, the defendant went to great length to demonstrate that the plaintiff's ability to support herself had greatly increased since the issuance of the state court dissolution decree while his own ability to pay had been greatly reduced. But this is a matter which sounds in change of circumstances and therefore should be taken before the state court in an effort to modify the dissolution decree in this respect.[4] This court is in no way empowered to reduce or increase an award of support or maintenance which has already been made by a state court. See *Matter of Booth*, supra, at 677, to the following effect:

"[I]f modification of the decree in light of the reduced need of the plaintiff (or reduced ability of the defendant to pay) is necessary, the bankruptcy court may and should defer to the defendant's ability to seek modification for change of circumstances in the state divorce court. See *Matter of Kakolewski*, 32. B.R. 494, 495 (Bkrtcy.W.D.Mo.1983), and cases

---

**2.** The courts have counted it as a factor in determining whether the award is one of nondischargeable maintenance or dischargeable property settlement whether the provision occurred in a section of the agreement or decree generally relating to one or the other. See, e.g., *Matter of Woods*, 561 F.2d 27, 30 (7th Cir.1977) ("(T)he provision creating the obligation at issue occurs in the midst of provisions allocating property between the parties, and is not separate therefrom or additional thereto.")

**3.** "(T)he Bankruptcy Court must finally determine that the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *In re Calhoun*, 715 F.2d 1103, 1110 (6th Cir.1983).

**4.** Generally, "the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of change of circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support award, the court, in determining whether or not a change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits and the earning capacity of a party who is not employed." Section 452.370 RSMo.

there cited. Traditionally, even when it has jurisdiction of an issue concurrently within bankruptcy court and state court jurisdiction, the bankruptcy court has discretion to require the issue to be litigated in the state court. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940); *In re Axton*, 641 F.2d 1262, 1273 (7th Cir.1981); *In re Mountjoy*, 368 F.Supp. 1087, 1094 (W.D.Mo.1973). These authorities seem all the more applicable at a time when the bankruptcy court's authority to determine the matter of the debt which underlies every dischargeability determination is clouded."

■ Virtually the same principles apply to the plaintiff's contention that the defendant's duty to pay her $60,000 because of foreclosure of her residential property is a nondischargeable obligation. This court would ordinarily have no difficulty in finding the award—if it stood alone or in conjunction with an award which would be insufficient to provide housing—to be nondischargeable award of support. For it is the rule of *Poolman v. Poolman*, 289 F.2d 332, 335 (8th Cir.1961), and its progeny that awards made "to keep a roof over [the spouse's and children's] heads" is nondischargeable support. In this case, however, the magnitude of the $3,333.33 monthly award seems of a satisfactory level to enable the plaintiff to obtain and preserve a residence. The great size of the sum when added to the monthly award of $3,333.33,

which in itself seems adequate, forbids this court to impose an artificial categorization on it in the guise of interpreting the intention of the parties and the state dissolution court. If that court, in rendering its decree approving the separation agreement of the parties, intended for part of the $60,000 award to constitute support rather than a simple property settlement, it is open for the plaintiff to request clarification of the decree in the state court. "[T]he initial inquiry must be to ascertain whether the state court or the parties ... intended to create an obligation to provide support." *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). And, in ascertaining that intention, this court may not subdivide the awards which the state court has already made and label them to be part support and part property settlement. Such action would be to substitute wholly the bankruptcy court's determination for that of the state court, an act which the courts purport to recognize with unanimity to be improper.[5]

This court therefore concludes that the arrearage of $8,467.04 should be declared nondischargeable in bankruptcy.[6] The parties should seek any further relief desired by them in the state dissolution court. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that the defendant's indebtedness to plaintiff in the sum of $8,467.04 be, and it is hereby, declared to be nondischargeable in bankruptcy. It is further

---

**5.** Section 523(a)(5) itself limits the bankruptcy court's consideration of the award to that made "in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement."

**6.** This court notes that the prayer of the plaintiff for relief is that the entire principal of the $400,000 in notes plus all interest and attorney's fees be declared nondischargeable on the basis of the record presently existing. But need is the final arbiter of determining the function of the award. "(T)he award (must be) based upon the need of the plaintiff and the ability to pay of the defendant and consequently ... related to the support function." *Matter of Evans*, 2 B.R. 85, 91 (Bkrtcy.W.D.Mo.1979). And it does not appear that the great sum claimed can in any manner—on the basis of the state record thus

far made—be related to the support function. "(T)he Bankruptcy Court must finally determine that the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *In re Calhoun*, 715 F.2d 1103, 1110 (6th Cir.1983). With respect to the installment payments which fall due in the future, this court, under the principles stated in the text of this memorandum, should not make the determination of dischargeability *vel non* on the basis of the record before it. That determination should be made by the state court under its power to make the dischargeability determination under section 523(a)(5) of the Bankruptcy Code. *Matter of Kakolewski*, 32 B.R. 494 (Bkrtcy.W.D.Mo.1983).

ADJUDGED that plaintiff have and recover the same sum of $8,467.04 from the defendant.