In the Matter of Larry Orviel GEBHARDT, and Susan E. Gebhardt, Debtors.

Larry Orviel GEBHARDT, Appellant,

v.

Carol Ann GEBHARDT, Appellee.

Bankruptcy No. 82–03693–C.

No. 83–4375–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Aug. 7, 1985.

Marvin Tofle, Columbia, Mo., for appellee.

Fred Dannov, Columbia, Mo., for appellant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

This is an appeal from the Bankruptcy Court's order that Appellant's $80,000.00 promissory note to ex-wife Appellee, and hold harmless agreement were in the nature of support and maintenance and, therefore, were not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). For the reasons set forth below, the Bankruptcy Court's decision will be reversed in part, and affirmed in part.

### I. Background

The parties entered into a Separation and Property Settlement Agreement on November 4, 1981, which was subsequently incor-

porated into the Decree of Dissolution of Marriage on December 12, 1981, in the Circuit Court of Boone County, Missouri. Under Paragraph Four of this agreement, the Appellee received, as part of her sole and separate property, $20,000 in cash and a promissory note from Appellant for $80,-000 to be paid in six annual installments. Under Paragraph Eight, Appellant agreed to be responsible for, and hold Appellee harmless from debts of the marriage. Under Paragraphs Nine and Fourteen, Appellant agreed to pay $300 per month in maintenance and $150 in child support.

In December of 1982, Appellant filed a bankruptcy petition and listed the $80,000 note in the schedule of his Chapter 7 Bankruptcy case. Appellee filed a complaint challenging the dischargeability of the note; a hearing was held and on June 15, 1983, the Bankruptcy Court found that the note and hold harmless agreement were for the additional support and maintenance of Appellee. Appellant asserts that neither of these obligations can be deemed in the nature of alimony, maintenance or support payments under 11 U.S.C. § 523(a)(5) and thus are dischargeable.

### II. Standard of Review

This case is deemed to have been referred from this Court to the Bankruptcy Judge pursuant to an order entered by the United States District Court for the Western District of Missouri which adopted an Emergency Resolution to provide for the administration of the Bankruptcy system.[1] The resolution provides for *de novo* review of the Bankruptcy Court's findings of fact and conclusions of law. Emergency Resolution (c)(5)(B). Since the present matter was not decided by the Bankruptcy Court until June 15, 1983, the decision below was rendered subject to the emergency rule. *See* Emergency Rule (d). In addition, the Court notes that its disposition of this appeal would remain unchanged even if a

---

**1.** The Emergency Resolution was promulgated in the wake of *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in order to ensure

that the bankruptcy system fits within the constitutional contours of Article III of the United States Constitution.

"clearly erroneous" standard of review is applied.

## Discussion

### A. *The Promissory Note*

The Bankruptcy Court relies solely on *Williams v. Williams*, 703 F.2d 1055 (8th Cir.1983), for the proposition that the note can be regarded as a maintenance award, regardless of the label attached to it by the state court. It is true that whether a particular debt is a support obligation or part of a property settlement is a question of federal Bankruptcy law, not state law, *Williams, supra,* at 1056. However, the critical issue is to ascertain what the parties *intended,* and that intention is to be arrived at through the processes of construction and interpretation, not by reformation of the instrument. *Matter of Booth,* 44 B.R. 674, 675–6 (Bkrtcy.W.D.Mo. 1984).

While the *Williams* court looked to the wife's poor health, unemployment and cost of living in determining that it was reasonable for the Bankruptcy Judge to find the "property settlement" was really intended to help the wife meet her monthly living expenses, there are other facts which distinguish that case from the present one. In *Williams* the husband agreed to make $300 monthly installments until a total of $15,000 was paid. There was no other provision for maintenance. Nor was there mention of the husband receiving title to any property in return for the $15,000. In the present case, Appellee was awarded separate maintenance of $300 per month and child support of $150 per month. Furthermore, Appellee gave Appellant a quitclaim deed to their 318-acre farm which Appellant testified had a net value of a little over $200,000.[2] Another factor is that the Appellant's obligation on the promissory note did not end with the death or remarriage of Appellee.

While the Bankruptcy Court may look to the circumstances surrounding the creation of the liability, if the divorce decree is so unambiguous that the intent of the civil court is abundantly clear, this Court cannot overlook its purpose by relying on such factors as a party's physical health or her need for present or future support. *In re Hillius Farms,* 38 B.R. 334, 336 (Bkrtcy D.N.D.1984). It is understandable that the Bankruptcy Court was sympathetic to Appellee's disability, but it cannot ignore the plain language of the separation agreement. The overwhelming evidence is that the $80,000 promissory note was in fact part of the property division and, therefore, is dischargeable.

### B. *The Hold Harmless Agreement*

The separation agreement provided that Appellant would be totally responsible for and would forever hold Appellee harmless from all debts and obligations of whatsoever nature incurred by the parties prior to their separation. This included but was not limited to farm-related debts. As discussed previously, the Bankruptcy Court must ascertain the intended function of the award. Although the decree was clear as to the purpose of the promissory note, the decree is ambiguous as to the hold harmless agreement's purpose since this provision was in a paragraph separate from both the property division and maintenance paragraphs. If the provision has as its intended function the providing of a necessity of life, it is ordinarily held to be nondischargeable support or maintenance. *Matter of Quinn,* 44 B.R. 622, 624 (Bkrtcy W.D.Mo.1984). At the time of the dissolution, the record reveals Appellee was unemployed. She would have been unable to make payments on any debts, so there is merit to the Bankruptcy Court's determination that the hold harmless agreement was in the nature of support.

Accordingly, it is hereby

ORDERED that the judgment and order of the Bankruptcy Court with respect to

---

**2.** This testimony supports why the property settlement to the wife equaled $100,000. On the other hand, although Appellee claimed the money was awarded in contemplation of her multiple sclerosis, she could give no basis for how the figure was derived.

the $80,000 promissory note being non-dischargeable is reversed. It is further

ORDERED that the judgment and order of the Bankruptcy Court with respect to the hold harmless agreement being non-dischargeable is affirmed.