**In the Matter of Willard Leroy TALLEY, Debtor.**

**Willard Leroy TALLEY, Plaintiff,**

**v.**

**Vera Maxine TALLEY and Donald E. Sotta, Defendants.**

Bankruptcy No. 85–01557–SW.
Adv. A. No. 85–0623–SW.

United States Bankruptcy Court,
W.D. Missouri, S.D.

Dec. 3, 1985.

R. Deryl Edwards, Joplin, Mo., for plaintiff.

Robert R. Parrish, Joplin, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL DECREE DECLARING THE PLAINTIFF'S INDEBTEDNESS TO DEFENDANTS TO BE NONDISCHARGEABLE WITH RESPECT TO DEFENDANT DONALD E. SOTTA AND DISCHARGEABLE AS TO THE DEFENDANT VERA MAXINE TALLEY

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff debtor seeks a decree of dischargeability, pursuant to § 523(a)(5) of the Bankruptcy Code, of his respective indebtedness to the defendants which were created by a state court dissolution decree on the grounds that they represent divisions of property rather than awards of alimony, maintenance, or support within

the meaning of the above section. The action came on for trial before the bankruptcy court sitting in Joplin, Missouri, on November 8, 1985, whereupon the plaintiff appeared personally and by counsel, R. Deryl Edwards, Esquire, and the defendants appeared by counsel, Robert R. Parrish, Esquire. The evidence which was then adduced demonstrated the following facts: The former marriage of the plaintiff Willard Leroy Talley and Vera Maxine Talley was dissolved on November 5, 1984, by means of a dissolution decree entered in the Circuit Court of Jasper County. As is here pertinent, that decree awarded custody of three minor children of the marriage to the plaintiff. It further provided that "neither party shall be awarded maintenance"; that the plaintiff should "pay to Don Sotta the sum of $1,250.00 as and for attorney fees"; and, after dividing specific chattels between the parties, that "in order to make the property division more just and equitable, [plaintiff] is ordered to pay the Petitioner the sum of $10,000 on or before July 1, 1985, same amount to be a judgment against respondent and carry interest from November 5, 1984, at 9% per annum." It was the testimony of the plaintiff in the hearing of November 8, 1985, that he understood the last provision to constitute a division of property rather than an award of alimony, maintenance or support within the meaning of § 523(a)(5), *supra.* His testimony was to the same effect with respect to the award of attorney's fees to the defendant Sotta.

Pursuant to an agreement between the parties, the defendants submitted their evidence by written affidavit after the hearing of November 8, 1985. In the text of that affidavit, the defendant Donald E. Sotta averred that, "at the time of said dissolution, Defendant Vera Maxine Talley was unemployed, and had been unemployed for many years and could not support herself"; that "Vera Maxine Talley was unable to pay attorneys fees"; and that the $10,000 payment, although classified as a "property division," was "necessary for her support."

The parties have submitted the action for decision on the basis of the foregoing evidence. They have sought leave to submit no more than that which is described above. On the basis of that evidence, the governing authorities compel a finding of nondischargeability with respect to the attorney's fee of $1,250 owed to the defendant Sotta, but a finding of dischargeability—based upon the peculiarities of the evidence adduced in this action—as to the $10,000 award as a property division. In making the determination of dischargeability *vel non* of a state court domestic relations award, a bankruptcy court is not bound by the nomenclature applied by the state court to the character of the award, in deciding whether it is one of nondischargeable support or one of a dischargeable property division, but must nevertheless accept the relationship between the parties postulated by the state court decree. *Matter of Gebhardt,* 53 B.R. 113 (W.D.Mo.1985); *Matter of Evans,* 2 B.R. 85 (Bkrtcy.W.D.Mo.1979). With respect to the $1,250 award of attorney's fees payable to Mr. Sotta, it is unequivocal that, by force of state law, the award is based on a support function and must be regarded as nondischargeable in bankruptcy. *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983); *Matter of Evans, supra.* In respect of the $10,000 award, however, it is not only labeled as "property division," but its purpose or function is spelled out in the state court decree—as an award "to make the property division more just or equitable." Our district court has recently held that, when the state court decree is unambiguous respecting the function of the award, the bankruptcy court may not look behind it. *Matter of Gebhardt,* supra, at 115. ("While the Bankruptcy Court may look to the circumstances surrounding the creation of the liability, if the divorce decree is so unambiguous that the intent of the civil court is abundantly clear, this Court cannot overlook its purpose by relying on such factors as a party's physical health or her need for present or future support.") See also *Matter of Booth,* 44 B.R. 674 (Bkrtcy. W.D.Mo.1984); *Matter of Mathes,* Adver-

sary Action No. 85–0260–SJ, —— B.R. —— (Bkrtcy.W.D.Mo. Sept. 4, 1985). ("The facts clearly demonstrated that the trial and determination of the material issue of whether the new agreement should be characterized as nondischargeable maintenance and support or a dischargeable property settlement should be initially determined by the state dissolution court. It is fundamental that the bankruptcy court, in making the dischargeability determination, cannot modify the basic award made by the state dissolution court... It is not within the lawful powers of a bankruptcy court to redetermine the basic need of the plaintiff according to changed circumstances and thereby substitute its own award for that of the state dissolution court."); *Holcer v. Earl*, 55 B.R. 12 (Bkrtcy.W.D.Mo.1985). ("It is true that the issue of dischargeability *vel non* is one which is determined by federal standards and that therefore the bankruptcy court need not be bound by the characterization placed on the award by the state dissolution court. Much mischief is wrought by the notion, however, that the bankruptcy court may determine the crucial issue—that of whether the award is a dischargeable property settlement or a nondischargeable award of support—de novo and in disregard of the state court determination.") This principle is in consonance with the rule of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), to the effect that a bankruptcy court should not purport to determine actions which arise exclusively under state law, as does the determination of whether an award is support or a property settlement. The bankruptcy court must *discern* the intention of the state court in this regard; it is not authorized to make the determination anew. *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983); *Matter of Booth, supra.* In this action, in discerning the character of the award from the fact of the state court decree, this court can observe that, not only is the state court's characterization of the award as a "property division" unequivocal, but this characterization is also supported by other provisions. Both parties explicitly waive any award of maintenance, according to the decree, and the custody of three minor children is confided to the plaintiff. And there is nothing otherwise in the context of the decree to indicate that Vera Maxine Talley's financial need was a basis for the award of $10,000. It may well have been that the $10,000 was, in effect, the defendant's portion of the $38,000 marital home which the dissolution court awarded to the plaintiff. If this were shown, this court would have little alternative but to hold that the award was intended to serve the support of providing a roof over the defendant's head. *Poolman v. Poolman*, 289 F.2d 332 (8th Cir.1961). But the decree does not so show and the absence of evidence to this effect therein is not cured by the submission now made.

Nor does the evidence now offered to show that Vera Maxine Talley was in financial need at the time of the issuance of the state court dissolution decree [1] suffice to convert this "property division" into an award of maintenance. The authorities which allow evidence in the bankruptcy court dischargeability proceedings on this issue confine the evidence to that of comparative need.[2] The evidence which is offered in this action in no manner indicates that the financial need of the defendant Vera Maxine Talley exceeded that of the plaintiff—to whose responsibility the support of three minor children was assigned.

Accordingly, it is hereby

---

1. "(T)he bankruptcy court must make its determination based upon the intended function of the award at the time of entry of the state court dissolution decree." *Matter of Jensen*, 17 B.R. 537, 540 (Bkrtcy.W.D.Mo.1982); *In re Vickers*, 24 B.R. 112, 116 (Bkrtcy.M.D.Tenn.1982); *In re Smith*, 42 B.R. 628, 631 (Bkrtcy.E.D.Mo.1984) ("Any issue of ... present ability or inability to meet ... obligations is immaterial.").

2. See *In re Smith*, supra note 1, at 631: "Here, the great *disparity* in the parties' financial resources at the time of their dissolution dictates a conclusion of non-dischargeability." (Emphasis added.)

ORDERED, ADJUDGED AND DE-CREED that the plaintiff's indebtedness to the defendant Donald E. Sotta in the sum of $1,250 be, and it is hereby, declared to be nondischargeable in bankruptcy. It is further

ORDERED, ADJUDGED AND DE-CREED that the plaintiff's indebtedness to the defendant Vera Maxine Talley in the principal sum of $10,000 be, and it is hereby declared to be dischargeable in bankruptcy.