MEMORANDUM OPINION
DAVID P. McDONALD, Bankruptcy Judge.
JURISDICTION
This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a “core proceeding” pursuant to 28 U.S.C. § 157(b)(2)® and (K), which the Court may hear and determine. BACKGROUND
The Plaintiffs filed a four-count Complaint To Deny Discharge, Or In The Alternative, Complaint To Determine Non-Dis-chargeability Of Debt against the Defendant on September 11, 1986. Defendant filed his Answer on November 25, 1986. The parties subsequently filed a Stipulation Of Facts And Issues. Plaintiffs filed a Motion For Summary Judgment On December 31, 1986. The parties also each filed a proposed compromise to resolve the Complaint; however, they were unable to resolve their differences. A hearing was held on September 9, 1987.
FACTS
1. On January 27, 1986, a Decree of Dissolution and Property Settlement was issued by the Circuit Court of St. Louis County, Missouri dissolving the marriage of the Plaintiff Dorothy Jean Lord and the Defendant, Robert Harmon Lord. Under the terms of this Decree, the court ordered the Defendant to pay Plaintiff Dorothy *680 Lord the sum of $560.00 per month for maintenance. There were two children born of the marriage, Debra K. Lord and Russell Howard Lord. Russell was a minor and custody was given to the Defendant, Robert Lord. The dissolution Decree states in paragraph 3 that no child support would be paid by either party to the other. The Circuit Court entered an Amendment to its original Decree on February 27, 1986 and provided that Lisa A. Kircher, the attorney for Dorothy Jean Lord, would have a judgment against Robert Harmon Lord for her attorney’s fees.
2. The dissolution court further ordered the Defendant to pay certain marital debts and to hold Dorothy Jean Lord harmless for those debts.
3. The Defendant, Robert Harmon Lord, subsequently filed bankruptcy and listed as creditors on his schedules Plaintiff Lisa A. Kircher in the amount of $1,250.00, Plaintiff Debbie Lord in the amount of $2,150.00 and the IRS for tax liens, and $18,869.48 of marital debts.
4. The dissolution court held and I find that at the time of the dissolution the Debt- or was able-bodied, capable of gainful employment and was gainfully employed; whereas in contrast, Dorothy Jean Lord had been declared totally disabled by the Social Security Administration, and was unable to support herself by gainful employment. The parties stipulated that “During the pendency of the divorce and at the present time, Defendant (Debtor) earns approximately $30,000 per year.”[1] DISCUSSION
The Plaintiffs in Counts I, III and IV sought the denial of the Debtor’s discharge pursuant to 11 U.S.C. § 707(b) or in the alternative a conversion to a Chapter 13 case. Both requests must be denied. Section 707(b) provides:
“(b) After notice and a hearing, the court, on its motion or on a motion by a United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts who it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.” 11 U.S.C. § 707(b). Emphasis added.
Obviously, under this provision the Plaintiffs may not request the dismissal. Since neither the Court nor the United States Trustee filed a motion for dismissal, those portions of Counts I, III and IV which seek a § 707(b) dismissal are DENIED.
The Plaintiffs’ alternative request to convert this case to Chapter 13 is also DENIED since without the Debtor’s request the Court is forbidden to do so under 11 U.S.C. § 706(c), which states:
“(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.”
Accordingly, those portions of Counts I, III, and IV which request either a § 706(b) dismissal or a § 706(c) conversion to Chapter 13 are DENIED.
COUNT II
Dorothy Jean Lord was represented in the dissolution trial by her attorney, Lisa A. Kircher. The Decree of Dissolution awarded Ms. Kircher a fee of $1,250.00 to be paid by the Debtor. In Count II Ms. Kircher sought to have her fee declared nondischargeable pursuant to 11 U.S.C. § 523(a)(5). At the inception of the trial it was agreed that $1,150.00 remained unpaid and the Debtor consented to the entry of an Order declaring the fee to be a nondis-chargeable debt. Therefore, by agreement of the parties, a nondischargeability judgment of attorney fees shall be entered in the amount of $1,150.00 payable to Lisa A. Kircher by the Debtor, Robert Harmon Lord.
COUNT III
Prior to the dissolution of Debtor’s marriage, the Debtor borrowed a total of *681 $2,150.00 from Debbie, his handicapped adult daughter, for the purpose of purchasing family necessities such as food and clothing. Paragraph 10. MARITAL DEBTS, of the Decree of Dissolution ordered the Debtor to pay all of the marital debts and hold harmless Dorothy Jean Lord for any loss or expense incurred as a result of his failure to timely satisfy said obligations. The Decree listed 23 debts, including the $2,150.00 owed to his daughter, Debbie.
Count III seeks to have the debt owed to Debbie to be declared nondischargeable, arguing it is in the nature of support for a handicapped adult daughter pursuant to 11 U.S.C. § 523(a)(5). This assertion is simply not true. The Decree specifically stated, “3. CHILD SUPPORT. No child support shall be paid by either party to the other.” When the Debtor borrowed money from Debbie, she became a creditor and subject to the same discharge of her loan as any other creditor. The $2,150.00 debt is not in the nature of support for a handicapped adult daughter and therefore, is discharge-able pursuant to the Bankruptcy Code. The Court denies the request to hold the debt nondischargeable pursuant to 11 U.S. C. § 523(a)(5).
COUNT IV
With respect to Count IV, Plaintiff Dorothy Jean Lord demanded a jury trial, which was denied, and further sought to have the marital debts, as listed in paragraph 10. MARITAL DEBTS and the hold harmless provisions of the Decree of Dissolution to be found in the nature of support for Mrs. Lord and as such to be declared nondischargeable. The Eighth Circuit has held that the duties created by the divorce decree, such as a requirement that one party pay the joint debts of the marriage and hold the former spouse harmless may be considered in some cases as support:
“Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve.... Whether in any given case such obligations are in fact for ‘support’ and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as a trier of fact in light of all the facts and circumstances relevant to the intention of the parties.” In re Williams, 703 F.2d 1055, 1057 (8th Cir.1983).
The Williams court found there was substantial evidence indicating that the so-called property settlement was intended as support. The court looked at such factors as the health of the spouse, how long the one spouse had been unemployed, and whether the living expenses of the spouse exceeded her income. In re Williams at 1057, supra. In the instant case, at the time of dissolution, a substantial disparity existed between the parties concerning their health, income, and ability to earn a living. Dorothy Lord was in poor health, legally blind, and unable to sustain meaningful employment. Her income was limit; ed to disability payments from Social Security and maintenance from her husband. In contrast, Robert Lord was in good health, had an annual salary that exceeded $30,000.00, and in general was financially in a more stable position than his wife. Under these circumstances, the requirements of the Decree of Dissolution for the Debtor to pay all debts listed in paragraph 10. MARITAL DEBTS and to “... hold harmless Respondent for any loss or expense incurred as a result of his failure to timely satisfy said obligations:” was intended by the state court to be in the nature of support for the Debtor’s former spouse. However, the Plaintiffs’ Complaint demands that all of the debts listed on the Defendant’s creditor list be held nondischargeable. In doing so, Plaintiff misconstrues the scope of Section 523(a)(5) of the Bankruptcy Code. That section does not render nondischargeable a debt to a third party itself, but only the debtor’s obligation to hold his or her ex-spouse harmless from the payment of this debt. In re Smith, 42 B.R. 628 (Bkrtcy.E.D.Mo. 1984); In re Harke, 24 B.R. 645 (Bkrtcy.E.D.Mo.1982).
After reviewing the Plaintiff’s Complaint and testimony, I find there were no allegations nor evidence presented which would *682 indicate that the Plaintiff Dorothy Lord has been pursued by creditors for marital debts. This Court concludes that the Defendant’s obligations to hold the Plaintiff “harmless” from payments of the aforementioned martial debts are nondischargeable under 11 U.S.C. § 523(a)(5), but the dischargeability of the underlying marital debts is not affected by this determination. That is, Mr. Lord is discharged from the debts listed in paragraph 10 of the Decree of Dissolution; however, any debt arising under the hold harmless clause is nondis-chargeable. Thus, Robert Harmon Lord is required to reimburse Mrs. Lord, or to indemnify and hold her harmless only to the extent that Mrs. Lord is actually required to repay those creditors. To the extent that Mrs. Lord does not repay those creditors, Robert Lord is not required to reimburse Mrs. Lord nor pay those creditors mentioned in paragraph 10 of the Decree of Dissolution.
All three Plaintiffs have prayed for attorney’s fees incurred in these bankruptcy proceedings. These prayers must be DENIED since there is no authority for such an award.
The Plaintiffs’ Motion For Summary Judgment, filed before the hearing was held, is DENIED.
A separate Order consistent with this Memorandum Opinion be entered this date.
ORDER
The Plaintiffs filed a four-count Complaint To Deny Discharge, Or In The Alternative, Complaint To Determine Non-Dis-chargeability Of Debt against the Defendant on September 11, 1986. Defendant filed his Answer on November 25, 1986. The parties subsequently filed a Stipulation Of Facts And Issues. Plaintiffs filed a Motion For Summary Judgment On December 31, 1986. The parties also each filed a proposed compromise to resolve the Complaint; however, they were unable to resolve their differences. A hearing was held on September 9, 1987. In accordance with the findings of fact and conclusions of law contained in a separate Memorandum Opinion filed this date, it is
ORDERED THAT
1. Those portions of Counts I, III and IY of Plaintiffs’ Complaint which requested either a Section 707(b) dismissal or Section 706(c) conversion to Chapter 13 are DENIED;
2. Plaintiffs’ request for a jury trial is DENIED;
3. As to Count II of the Plaintiffs’ Complaint to determine dischargeability of debt, judgment is entered in favor of Plaintiff Lisa A. Kircher in the amount of $1,150.00 and against the Debtor, Robert Harmon Lord, in that the Defendants’ liability to pay attorney’s fees as decreed on January 27,1986 by the Circuit Court of St. Louis County, Missouri, Division B-6, Cause No. 508859, to said Lisa A. Kircher is declared to be nondischargeable;
4. Count III of the Plaintiffs’ Complaint is DENIED and the debt to the Plaintiff Debbie Lord is held to be a dischargeable debt;
5. Debtor’s obligation to hold the Plaintiff Dorothy Jean Lord harmless for all debts listed in paragraph 10. MARITAL DEBTS of the Decree of Dissolution issued on January 27, 1986 by the Circuit Court of St. Louis County, Missouri, Division B-6, Cause No. 508859, is determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(5); provided, however, that the Plaintiff Dorothy Jean Lord shall not enforce, and she is hereby enjoined and restrained from enforcing, her nondisehargeable claims under said Decree against the Defendant, until such time as she has paid (in part or in whole) any of the said marital debts, and then only to the extent of such payment(s); provided, further, that the Plaintiff, in the event she is sued by any creditor holding any such marital debts, will, in the event any such creditor makes a demand for payment upon her, immediately notify the Defendant of such suit or demand by delivering such notice to the Defendant in person or by mail to the Defendant’s last known address;
6. Plaintiffs’ Motion For Summary Judgment is DENIED; and
*683 7. Plaintiffs’ request for attorney s fees incurred in the pursuit of the adversary complaint is DENIED.

. • The Debtor's current income or his ability or inability to meet his obligations is immaterial and irrelevant in determining dischargeability under 11 U.S.C. § 523(a)(5). Matter of Tulley, 57 B.R. 75, 77 (Bkrtcy.W.D.Mo.1985); In re Smith, 42 B.R. 628, 631 (Bkrtcy.E.D.Mo.1984).