**In re James R. MAUNE, Debtor.**

**Carol TELGMANN, Plaintiff,**

v.

**James R. MAUNE, Defendant.**

**Bankruptcy No. 90–43565–293. Adv. No. 90–0325–293.**

United States Bankruptcy Court, E.D. Missouri.

Nov. 8, 1991.

---

**3.** Indeed, this court has no jurisdiction to liquidate the plaintiffs' claims. 28 U.S.C. § 157(b)(2)(B) and (b)(5).

Ted C. House, St. Charles, Mo., for plaintiff.

Thomas A. Palumbo, St. Peters, Mo., for debtor/defendant.

John V. LaBarge, Jr., Kirkwood, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

## PROCEDURAL FACTS

On July 30, 1990, James Maune filed a voluntary petition seeking the protection of Chapter 7 of the Bankruptcy Code. Carol Telgmann, his former wife, filed this adversary proceeding on October 29, 1990, claiming that 11 U.S.C. § 523(a)(5) barred the discharge of certain debts Mr. Maune included in his bankruptcy schedules and asserting that the debtor committed fraud against her. Both parties moved to submit their case to the court on stipulation of facts, depositions, exhibits and briefs. On June 24, 1991, the court granted the motion and issued an order to that effect.

## FACTS

Upon consideration of the stipulation, depositions, exhibits and the briefs the Court finds:

(1) Carol Telgmann and James Maune wed on October 21, 1976.

(2) Carol Telgmann and James Maune received a Decree of Dissolution on August 17, 1989.

(3) The Decree incorporated a fourteen page Marital Settlement Agreement which the parties, who were both represented by counsel, had previously negotiated and signed.

(4) The Marital Settlement Agreement provided that:

(a) Each party would assume responsibility for certain debts of the marriage on which both were liable. Paragraph 7 of the agreement specified that: "HUSBAND and WIFE hereby agree to indemnify and hold harmless the other and to defend him or her from and against all claims and liabilities and will reimburse the other for any and all expenses made or incurred by the other, either directly or indirectly, including a reasonable attorney's fee, as a result of his or her failure to pay or otherwise satisfy the specific debts and liabilities assumed by each herein. The parties acknowledge and agree that they have divided the marital debts in a disproportionate amount to reflect each party's relative economic circumstances. In the event a party were to breach the provisions of this agreement, it would place an undue hardship upon the other party and substantially alter their ability to support themselves. The financial obligations under the provisions of this agreement are tantamount to maintenance although non-taxable to the other party. Accordingly, said obligations are non-dischargeable in bankruptcy. This provision is non-modifiable." .

(b) Paragraph 9. MAINTENANCE provided "the parties agree, after examining all the relevant factors, including the situation of the parties at the present time, that no maintenance is to be paid by either party for the support of the other, recognizing that, by this provision, they each waive the right to return to court to request and receive maintenance."

(c) Paragraph 19 provided "in the event that either party to this Agreement brings an action for failure to perform any of the obligations imposed by the Agreement on him or her, or for enforcement or clarification of the Agreement, the prevailing party in such action have the right to recover his or her attorney's fees and litigation costs reasonably expended in prosecuting or defending the action. However, no attorney fees shall be so recovered by a party filing an action unless that party seeking to recover said attorney fees and costs shall have mailed to the breaching party written notice of the alleged failure to perform, and said alleged failure was not cured within ten (10) days after the date of the mailing said notice by certified mail to the alleged breaching party's business or residence address. No fees or costs authorized by this paragraph shall be recovered except as determined and awarded by the Court in an action brought for enforcement, breach or clarification of the Agreement."

(5) James Maune filed his Chapter 7 bankruptcy petition on July 30, 1990, and listed in his schedules and petition the debts he had assumed in the Dissolution Decree and Settlement Agreement, including obligations to Beneficial Missouri, Inc. and to Ford Motor Company.

(6) In January of 1991, Beneficial Missouri, Inc. filed a Petition on Note and on Credit Account against Carol Telgmann in an effort to collect the debts James Maune had assumed under the terms of the Settlement Agreement and later sought to have discharged in bankruptcy.

(7) Ford Motor Company has also attempted to collect from Ms. Telgmann the debt owed to it which Mr. Maune assumed in the Settlement Agreement.

(8) On October 29, 1990, Carol Telgmann filed the current adversary petition objecting to the discharge of the debts Mr. Maune assumed under the Settlement Agreement and alleging that Mr. Maune had committed fraud against her by seeking to discharge the debts he had assumed upon their divorce.

## DISCUSSION

Plaintiff alleges two bases for denying the Debtor a discharge of the debts he assumed and the indemnity he pledged in the Settlement Agreement. First, Plaintiff asserts that Section 523(a)(2)(A) of the Bankruptcy Code precludes discharge of Debtor's obligation to Plaintiff. Second, Plaintiff claims that the Debtor's assumption of debts in the Settlement Agreement constitutes maintenance which is nondischargeable under Section 523(a)(5) of the Code.

### PLAINTIFF'S FRAUD CLAIM

■ To prevail under 11 U.S.C. § 523(a)(2)(A), a creditor must prove five elements: "(1) that the debtor made false representations; (2) that at the time made, the debtor knew them to be false; (3) that the representations were made with the intention and the purpose of deceiving the creditor; (4) that the creditor reasonably relied on the representations; and (5) that the creditor sustained the alleged injury as a proximate result of the representations having been made." *Matter of Van Horne*, 823 F.2d 1285 (8th Cir.1987) (citing *In re Jenkins*, 61 B.R. 30, 39 (Bankr. D.N.D.1986)). In this case, the Plaintiff has failed to prove that the Debtor intended to deceive her. Plaintiff states, in her deposition, that "he [Debtor] told my attorney, his attorney, and me that no matter what bills he got in court he would disburse (sic) them in bankruptcy court." [Plaintiff's depo at p. 9] In his deposition, however, Plaintiff's dissolution attorney made no mention of such a threat from the Debtor but did recount discussing bankruptcy with the Debtor's dissolution attorney. Further, Debtor insists that at the time of his dissolution, he discussed filing bankruptcy with only his sister and his dissolution attorney. [Debtor's depo at p. 19] The attorney who represented the Debtor in his dissolution stated that at the time of the dissolution, he discussed filing bankruptcy with the Debtor but that the Debtor refused to consider such a course of action. [Rory Ellinger depo at p. 7]

Also relevant to the issue of Debtor's fraudulent intent for purposes of § 523(a)(2)(A) is the fact that Debtor did not file his bankruptcy petition immediately after the dissolution but waited nearly one year after the parties' dissolution became final. Finally, the Debtor's participation in a credit counselling course following his dissolution suggests he did not intend to defraud the Plaintiff when he entered into the Settlement Agreement. The facts do not support Plaintiff's allegations of fraud.

### PLAINTIFF'S 523(a)(5) OBJECTION

■ Plaintiff also maintains that this court should decline to discharge those debts listed on Debtor's schedules and petition which he agreed to pay and hold Plaintiff harmless under the terms of the Settlement Agreement because such debts constitute maintenance which is nondischargeable under Section 523(a)(5) of the Code. Section 523(a)(5) excepts from discharge, a debt "to a spouse, former spouse, or child of the debtor for alimony to, maintenance for or support of such spouse or child in connection with a separation agreement, dissolution decree or other order of a court of record ..." 11 U.S.C. § 523(a)(5). In applying § 523(a)(5), the Eighth Circuit has held that the determination of whether a debt constitutes a support obligation or part of a property settlement is a question of federal bankruptcy law. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir. 1983). The Eighth Circuit has further held

that "[d]ebts payable to third persons can be viewed as maintenance or support obligations." 703 F.2d at 1057. In determining whether an obligation is support or settlement, a bankruptcy court is not bound by either a state law definition or the categorization contained in the parties' dissolution decree. *Id.* Rather, the bankruptcy court must determine what function the award was intended to serve and on that basis either discharge it as a property settlement or except it from discharge as a support obligation within the scope of 11 U.S.C. § 523(a)(5). *Id.*

The language of the Settlement Agreement plainly states that "the financial obligations under the provisions of this agreement are tantamount to maintenance ... [and] are nondischargeable in bankruptcy." Mr. Maune's dissolution attorney testified that he routinely discusses such provisions with his clients and that he recalled discussing this provision with Mr. Maune. [Rory Ellinger depo at p. 12] Further, Debtor admits that he understood the meaning of the "nondischargeable" clause of the Settlement Agreement when he entered into the Agreement. [James Maune depo at p. 14–15]

The terms of the Settlement Agreement clearly express the idea that the Debtor is to be liable for the debts he assumed under the Settlement Agreement and that he cannot escape the ultimate responsibility for these debts by filing bankruptcy. A Missouri Circuit Court Judge approved the Settlement Agreement and incorporated it into the Dissolution Decree. The Debtor's assumption of debts pursuant to the Dissolution Decree was intended to be maintenance and as such is excepted from discharge by Section 523(a)(5).

Prior decisions of this court dealing with Section 523 differentiated between the duty to indemnify and the debts underlying the duty to indemnify. *See, In re Lord,* 93 B.R. 678 (Bankr.E.D.Mo.1988); *In re Smith,* 42 B.R. 628 (Bankr.E.D.Mo.1984). In those cases, the duty to indemnify was held nondischargeable under Section 523(a)(5) but the underlying debts were discharged as being beyond the reach of that

provision. Under the authority of these cases, the debts Debtor assumed in the Settlement Agreement would be discharged but the indemnity he pledged to the Plaintiff would be exempted from discharge. Such a disposition would create a situation in which the third party creditors whose claims against the Debtor were discharged would pursue the Plaintiff, Debtor's former spouse, for satisfaction of their claims. Then, the Debtor's former spouse could assert her indemnity claim against the Debtor. This scenario presents a number of problems. First, discharging the Debtor of the obligations he agreed to satisfy seems unfair to the Debtor's former spouse who, in essence, negotiated for secondary liability on those debts. Second, the contemplated result detracts from the efficiency of the collection process by directing the creditor to collect from the Debtor's former spouse who must then collect from the Debtor. Finally, the proposed disposition needlessly inconveniences the Debtor's former spouse who serves as a conduit between the Debtor and the third party creditor. Moreover, the discharge of the debts underlying the indemnity agreements does little to further the Debtor's fresh start.

In light of the problems associated with discharging the underlying debts while not discharging the indemnity agreements related to those same debts, the language of the Settlement Agreement clearly indicating that the Debtor would ultimately be responsible for the debts he assumed and the fact that discharging the underlying debts while not discharging the indemnity agreements would not further the Debtor's fresh start, this court finds that a better approach is to hold that the debts underlying the indemnity agreements contained in the Settlement Agreement, as well as the indemnity agreements, are in the nature of maintenance and not dischargeable under 11 U.S.C. § 523(a)(5).

Plaintiff also prays for an award of attorney's fees for legal services rendered on her behalf in these bankruptcy proceed-

ings.[1] She bases her claim to attorney's fees on the language of the Settlement Agreement, which shifts the costs of enforcing and clarifying the agreement to the party who lost the dispute. The general rule concerning attorney's fees awarded in dissolution decrees "is that except when it appears clearly that the award was a property settlement, attorney fees awarded to an ex-spouse in a dissolution decree are so closely connected with an award for support as to be in the nature of support or alimony and, therefore, are nondischargeable." *In re Grijalva* 72 B.R. 334 (S.D.W.Va.1987) (quoting *Glover v. Glover*, 16 B.R. 213, 215 (Bankr.M.D.Fla.1981)). Many courts have refused to discharge attorney's fees awarded in dissolution decrees. *See, In re Cockhill*, 72 B.R. 339 (Bankr.N.D.Ill.1987); *In re Young*, 72 B.R. 450 (Bankr.D.R.I.1987); *In re Grijalva*, 72 B.R. 334 (S.D.W.Va.1987). The Plaintiff's claim for attorney's fees differs from the claims for fees in the above cited cases, in that the fees in those cases were incurred for work done during the dissolution and the fees Plaintiff seeks were incurred in this adversary proceeding. This difference is not determinative of the issue. As previously noted Paragraphs 7 and 19 of the Settlement Agreement specify:

Paragraph 7 that: "HUSBAND and WIFE hereby agree to indemnify and hold harmless the other and to defend him or her from and against all claims and liabilities and will reimburse the other for any and all expenses made or incurred by the other, either directly or indirectly, **including a reasonable attorney's fee,** as a result of his or her failure to pay or otherwise satisfy the specific debts and liabilities assumed by each herein." (Emphasis added)

Paragraph 19: that in a suit "for failure to perform any of the obligations imposed by the Agreement, ... or for enforcement or clarification of the Agreement, the prevailing party in such action shall have the right to recover his or her attorney's fees and litigation costs reasonably expended...."

This language encompasses the fees Plaintiff has incurred in this adversarial proceeding. Paragraph 19 does not transform all fees incurred to enforce the Agreement into support payments. However, the fees Plaintiff seeks were incurred to enforce a support obligation and are so closely associated with the support as to be in the nature of support. This court finds that Plaintiff is entitled to her fees in this adversarial matter because these fees are in the nature of support awarded by the Dissolution Decree. Therefore, Ted C. House, attorney for the Plaintiff Carol Telgmann, shall submit to the Court, with a copy to Thomas A. Palumbo, the attorney for James R. Maune the Debtor/Defendant, a statement of fees and expenses incurred on behalf of the Plaintiff in this adversary proceeding. If the Debtor does not file a written objection, with the Court, within ten days of the filing of the said statement of fees and expenses, the Court will allow the fees and expenses in full or set a hearing to determine a final award.

A separate Order consistent with this Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that

(1) the debts underlying the indemnity agreements contained in the Settlement Agreement incorporated in the Decree of Dissolution entered August 17, 1989, as well as the indemnity agreements, are in the nature of maintenance and not dischargeable under 11 U.S.C. § 523(a)(5); and

(2) Plaintiff is entitled to attorney's fees for services rendered in this adversarial proceeding and Plaintiff's attorney shall submit to the Court a statement of fees

---

**1.** This court has held that it lacks the authority to grant attorney's fees in similar adversarial proceedings. *In re Soval*, 71 B.R. 690, 693 (Bankr.E.D.Mo.1987) (citing *In re Smith*, 42 B.R. 628, 631 (Bankr.E.D.Mo.1984)). However, in those cases there was no indication that the settlement agreements specifically provided for the award of fees incurred in the collection of maintenance.

and expenses incurred on behalf of Plaintiff.