ARNOLD, Circuit Judge.
 

 In 1980 Edward and Joyce Williams obtained a dissolution of marriage in the Circuit Court of Stone County, Missouri. The final decree incorporated the parties’ agreement about financial and property matters, providing that Edward would pay (1) certain joint debts owed to banks, finance companies, and department stores, (2) the sum of $15,000 in $300 monthly installments to Joyce, and (3) $750 for Joyce’s attorney’s fee. Less than three months later, Edward filed a petition under Chapter 7 of the Bankruptcy Code and listed as debts his financial obligations to Joyce. Joyce filed objections, arguing that the obligations were for support and maintenance and therefore nondischargeable under 11 U.S.C. § 523(a)(5) (Supp. Y 1981). The Bankruptcy Judge
 
 [1]
 
 agreed, and the District Court
 
 [2]
 
 affirmed. Edward appeals, contending that (1) the debts are a dischargea-ble property settlement, (2) the Bankruptcy Court was bound by the divorce decree’s characterization of some of the debts as a property settlement, and (3) the Bankruptcy Court should have followed Missouri law and held that an order requiring a spouse to pay another spouse’s attorney’s fees in a divorce proceeding is not an order for support. For the reasons set forth below, we affirm.
 

 The Bankruptcy Reform Act of 1978 prohibits the discharge of a debtor’s obligation to make alimony, maintenance, or support payments to his or her former spouse. 11 U.S.C. § 523(a)(5) (Supp. V 1981). Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. H.R.Rep. No. 595, 95th Cong., 2d Sess. 364,
 
 reprinted in
 
 1978 U.S.
 
 *1057
 
 Code Cong. & Ad.News 5963, 6320; S.Rep. No. 989, 95th Cong., 2d Sess. 79,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5865. Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve.
 
 E.g., In re Spong,
 
 661 F.2d 6 (2d Cir.1981);
 
 Poolman
 
 v.
 
 Poolman,
 
 289 F.2d 332 (8th Cir.1961);
 
 In re Jensen,
 
 17 B.R. 537 (Bkrtcy.W.D.Mo.1982). Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree’s characterization of an award as maintenance or a property settlement.
 
 E.g., In re Lineberry,
 
 9 B.R. 700, 704 (Bkrtcy.W.D.Mo.1981).
 

 The Bankruptcy Court’s finding of fact that the duties created by the divorce decree were support obligations is not clearly erroneous. The parties’ joint debts, which Edward undertook to pay and on which he undertook to hold Joyce harmless, were incurred to purchase farm equipment, furniture, clothing, appliances, and the like. “[PJrovisions to pay expenditures for the necessities and ordinary staples of everyday life” may reflect a support function.
 
 In re Jensen, supra,
 
 at 540 (citing
 
 Poolman v. Poolman, supra).
 
 Similarly, there is substantial evidence indicating that the so-called “property settlement” and agreement to pay Joyce’s attorney’s fees were intended as support. Joyce presented evidence that she is in poor health, has not worked since 1975, and that her living expenses are $1,100 per month, while her income, from Social Security and other sources, is only about $600 per month. The Bankruptcy Judge could reasonably find that the financial transfers prescribed by the divorce decree were intended to help Joyce meet her monthly living expenses. The label “property settlement” seems to have been used in the divorce decree in order to insulate the $15,000 obligation from modification in the future under the state domestic-relations law doctrine that support obligations may be changed if the parties’ circumstances change.
 

 Edward argues that his debt to Joyce’s attorney
 
 [3]
 
 should be discharged because the Missouri Supreme Court has held that an award of attorney’s fees under Mo. Ann.Stat. § 452.355 (Vernon 1977) is not an order for support for purposes of limitations on the garnishment of wages.
 
 Dyche v. Dyche,
 
 570 S.W.2d 293, 297 (Mo.1978) (en banc). As we said above, we are not bound by the characterization of an award under state law. In any event, we agree with the Bankruptcy Court in
 
 In re Evans,
 
 2 B.R. 85 (Bkrtcy.W.D.Mo.1979), that the considerations involved in determining whether an award is “support” so that wages can be garnished without restriction differ from those involved in determining whether an award is “support” so that it is not dis-chargeable in bankruptcy. In
 
 Dyche
 
 the wife was not entirely precluded from collecting her claim; she merely had to collect it in smaller installments. Here, if Edward’s support obligation to Joyce is declared dis-chargeable, she will never be able to collect it.
 

 Finally, Edward’s argument that Joyce failed to make a timely objection to the discharge of the debt for attorney’s fees is without merit. This debt is mentioned specifically in paragraph five of Joyce’s “First Amended Objections to Dischargeability of Debt.” Designated Record at 19.
 

 In short, undertakings by one spouse to pay the other’s debts, including a debt to a lawyer for fees, can be “support” for bankruptcy purposes. So can periodic payments required to be made to a former spouse, even if the decree labels these payments a “property settlement.” Whether in any given case such obligations are in fact for “support” and therefore not dischargeable in bankruptcy, is a question of fact to be
 
 *1058
 
 decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties. A finding of fact on such a question may be set aside by the District Court or by us only if clearly erroneous. The findings made in this case do not fall in that category, and the judgment is therefore
 

 Affirmed.
 

 [1]
 

 . The Hon. Joel Pelofsky, United States Bankruptcy Judge for the Western District of Missouri.
 

 [2]
 

 . The Hon. William R. Collinson, Senior United States District Judge for the Western District of Missouri.
 

 [3]
 

 . The divorce decree provided that Edward would pay the attorney’s fee to Joyce for the benefit of her attorney. This provision is not an “assignment” which would make the debt dischargeable under 11 U.S.C. § 523(a)(5)(A) (Supp. V 1981), and no one argues that it is. If Edward does not pay the lawyer, Joyce will apparently remain liable to him.