In re Roger J. SODERHOLM, Debtor.

Maureen SODERHOLM, Plaintiff,

v.

Roger J. SODERHOLM, Defendant.

Bankruptcy No. 205–5–83–00247.
Adv. No. 205–5–83–0263.

United States Bankruptcy Court,
D. Connecticut.

Sept. 16, 1983.

John F. Fallon, Fairfield, Conn., for plaintiff.

Joseph E. Meuser, Bridgeport, Conn., for defendant.

ALAN H.W. SHIFF, Bankruptcy Judge.

MEMORANDUM AND ORDER ON COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT, 11 U.S.C. § 523(a)(5)

I.

This matter is before the court on the complaint of Maureen Soderholm, objecting, pursuant to 11 U.S.C. § 523(a)(5),[1] to the discharge of a debt owed by her former husband, the debtor, Roger J. Soderholm, to the Citizens' National Bank of Fairfield.

The following facts provide the findings necessary for the resolution of this issue:

1. The parties were married on April 5, 1962. Their marriage was dissolved by a decree of the Connecticut Superior Court on November 19, 1980. At the time their marriage was dissolved, the parties had three children, ranging from fourteen to eighteen years of age, who resided in the family residence known as 260 Woodbine Lane, Fairfield, Connecticut.

2. Prior to the dissolution of their marriage, the defendant obtained a loan from the Citizens' National Bank of Fairfield (bank). Upon the defendant's failure to pay the promissory note in connection with that loan (note), the bank instituted suit, obtained a judgment against the defendant and filed a judgment lien on the defendant's interest in the Woodbine Lane property. The plaintiff was unaware of the loan or note until the bank commenced collection activities.

1. For text of Code section 523(a)(5) see page 84, *infra.*

3. Pursuant to the Stipulation Re Judgment (stipulation) entered into by the parties on November 19, 1980 and incorporated by reference into the November 19, 1980 decree of the Connecticut Superior Court, the defendant conveyed his interest in the Woodbine Lane property by quit claim deed to the plaintiff. At that time, the Woodbine property was incumbered by a first and second mortgage as well as the bank's judgment lien.

4. The stipulation further provided that the plaintiff was to pay and indemnify the defendant from any obligations arising out of the first and second mortgage, and that the defendant was to pay and indemnify the plaintiff from any obligations arising out of his debt to the bank in connection with the note.

5. At the time the parties entered into the stipulation, the plaintiff's monthly gross income was approximately $1,400.00 and the aggregate monthly mortgage payment was $1,030.00.

6. At the time the parties entered into the stipulation, they reviewed and discussed the plaintiff's income and her post dissolution expenses. Both parties were aware of the consequences of a foreclosure action by the bank to satisfy its judgment and both parties unequivocally testified that maintaining the family residence for their three teenage children was their principal objective.

## II.

Code section 523(a)(5)(B) governs the dischargeability of debts arising in connection with a divorce decree. It provides "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support".

■ The issue of whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law not state law. *In re Williams,* 703 F.2d 1055, 1056 (8th Cir.1983); *In re Warner,* 5 B.R. 434, 440–41, 6 B.C.D. 788, 792 (Bkrtcy.D.Utah, 1980); *see* H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The fact that a debt is payable to a third party is not determinative of its classification. As the *Williams* court observed, *supra,* at 1057

Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve. *E.g., In re Spong,* 661 F.2d 6 (2d Cir.1981); *Poolman v. Poolman,* 289 F.2d 332 (8th Cir., 1961); *In re Jensen,* 17 B.R. 537 (Bkrtcy.W.D. Mo.1982). Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement. *E.g., In re Lineberry,* 9 B.R. 700, 704 (Bkrtcy.W.D.Mo.1981).

■ It is apparent from the evidence adduced at trial that the parties intended the plaintiff and their three teenage children to live in the family residence; that the bank's judgment lien was a potential threat to such continued use; and that the plaintiff's income, supplemented by the defendant's periodic, unallocated alimony and child support obligations, was not likely to provide sufficient funds to satisfy the bank's judgment. I am accordingly persuaded that the function of the defendant's obligation under the state court decree was to furnish support for the plaintiff by relieving her of the burden of satisfying the bank's judgment in order to save her home.

The same result is reached by considering the defendant's obligation in the context of

the child maintenance and support provisions of Code section 523(a)(5). As noted, it was the parties' principal objective to maintain the family home for their children. In that sense, the defendant agreed with the plaintiff that he would pay the entire bank debt so that the bank would not institute foreclosure proceedings which might terminate the children's use of the premises. Thus it would appear that the defendant intended to provide for the maintenance and support of his children and that his agreement to pay the bank debt was intended to accomplish that purpose.

Although the plaintiff's complaint failed to allege that the defendant's debt to the bank was actually in the nature of child maintenance or support, evidence was offered on that subject without objection. Under Rule 15(b) F.R.Civ.P.,[2] made applicable in this proceeding by Bankruptcy Rule 7015, such uncontroverted evidence may be considered by the court even in the absence of an amendment of the complaint to conform to the evidence. Accordingly, I conclude that the defendant's debt to the bank is actually in the nature of child maintenance and support.

For the above reasons, it is hereby ORDERED, that the defendant's debt to the bank, arising out of a loan and note which were the subject of a judgment in favor of the bank and a judgment lien on the premises known as 260 Woodbine Lane, Fairfield, Connecticut, is excepted from discharge and judgment may enter accordingly.

2. (b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.