In re Barry Lee BOWERS, Debtor.

**Susan I. BARTO, Plaintiff,**

v.

**Barry Lee BOWERS and Frederick L. Reigle, Trustee, Defendants.**

**Bankruptcy No. 82–06126 T.
Adv. No. 83–0781.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 11, 1984.

Alfred W. Crump, Jr., Reading, Pa., for debtor.

James R. Hevalow, Reading, Pa., for plaintiff.

Frederick L. Reigle, Reading, Pa., trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff, Susan I. Barto, is the former wife of the debtor/defendant, Barry Lee Bowers. She has filed a complaint against the debtor, alleging that a debt owed to her by the debtor is nondischargeable pursuant to section 523(a)(5) of the Bankruptcy Code, 11 U.S.C. § 523(a)(5), because the debt is actually in the nature of alimony. For the reasons hereinafter given, we shall deny the relief requested in the plaintiff's complaint and find that the debt in question is dischargeable under § 523(a)(5).[1]

The relevant facts before us are undisputed and rather brief, the parties having expressly agreed to have this matter decided solely on the pleadings and the post-nuptial agreement between the parties. The parties were married on October 29, 1979. No children were born of the marriage. On October 27, 1981, the parties executed the aforementioned post-nuptial agreement, which will be discussed in some detail *in-*

*fra.* The parties were divorced on February 1, 1982. The post-nuptial agreement was not made a part of the divorce decree. On September 22, 1982, the plaintiff brought an equity action against the debtor in the Court of Common Pleas of Berks County, Pennsylvania, seeking specific performance of the debtor's payment obligation under the post-nuptial agreement. This equity action was stayed by the debtor's filing of his Chapter 7 bankruptcy petition on December 22, 1982.

Paragraph 3 of the post-nuptial agreement, entitled "PERSONAL PROPERTY",[2] states in part that "the parties acknowledge that they have heretofore divided between them, at the time of their separation, all their property to their mutual satisfaction...."

Paragraph 4 of the agreement states in its entirety:

"4. PERIODIC PAYMENTS. It is hereby agreed between SUSAN and BARRY that commencing with the execution date of this agreement, BARRY shall pay to SUSAN the sum of $200.00 per month during the calendar year 1981, $220.00 per month during the calendar year 1982, $240.00 per month during the calendar year, 1983, and $260.00 per month for the first two months of the calendar year 1984. Additionally, BARRY shall be responsible and obligated to pay for the automobile insurance which SUSAN may select for her automobile insurance protection and coverage until February 4, 1984."

Paragraph 5 of the agreement states in its entirety:

"5. RELEASE OF SUPPORT. SUSAN and BARRY do hereby waive, release and give up any rights they may respectively have against the other for alimony, support or maintenance. It shall be from the implementation date of this Agree-

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** Paragraph 11 of the agreement states: "Any headings preceding the text of the several para-

graphs hereof are inserted solely for convenience of reference and shall not constitute a part of the Agreement nor shall they affect its meaning, construction or effect."

ment as set forth, the sole responsibility of each of the respective parties to sustain themselves without seeking any support from the other party." [3]

The debt in question herein is the result of the debtor's failure to make most of the payments specified in paragraph 4 of the agreement. In his bankruptcy schedules, the debtor lists this debt as owing to the plaintiff in the amount of $6,200.00, but indicates that the amount is in dispute and may be less than $6,200.00.[4]

Section 523(a)(5) of the Bankruptcy Code, 11 U.S.C. § 523(a)(5), provides in relevant part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—...

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

The legislative history of § 523(a)(5) explicitly states that the determination as to what debts constitute alimony, maintenance, or support is to be made according to the federal bankruptcy law, not state law. House Report 95–595, 95th Cong., 1st Sess. (1977) 363, *reprinted in* 1978 U.S. Code Cong. and Admin. News 5963, 6320; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 79, *reprinted in* 1978 U.S. Code Cong. and Admin. News 5787, 5865. Also see *In re Williams*, 703 F.2d 1055, 1056–57 (8th Cir.1983).

The plaintiff's contention is that the payments due under paragraph 4 of the agreement are, in effect, alimony payments and that, therefore, the debt in question is non-

dischargeable pursuant to § 523(a)(5). In support of this contention, the plaintiff argues that, from a reading of the agreement as a whole, the paragraph 4 payments cannot be described as equitable distribution of marital property under the Pennsylvania Divorce Code of 1980 because the equitable distribution matter was disposed of in paragraph 3 of the agreement. Therefore, continues the plaintiff, the paragraph 4 payments must be considered to be alimony payments. The plaintiff has made no other arguments.

■ Our analysis of this matter begins with the firmly established principle that the burden of proving an exception to discharge is on the party seeking such relief. *Schlecht v. Thornton*, 544 F.2d 1005, 1006 (9th Cir.1976); *Household Finance Corp. v. Danns*, 558 F.2d 114, 116 (2d Cir.1977); *In re Alloway*, 37 B.R. 420, 423 (Bankr.E.D.Pa.1984). Whether or not a particular obligation is for alimony, maintenance, or support under § 523(a)(5) is a question of fact to be decided in light of all of the facts and circumstances relevant to the intention of the parties. *In re Williams, supra,* at 703 F.2d 1057–58; *In re Alloway, supra,* at 37 B.R. 425. Courts have examined a great many factors in attempting to determine the parties' intention as to whether a particular obligation is in the nature of alimony, maintenance, or support as opposed to being in the nature of a property settlement obligation. Among these factors are the following: the express terms of the separation agreement; the label given to the obligation by the parties (and the state court, if applicable); the relative incomes and earning potentials of the parties; the financial circumstances and needs of the parties; whether the obligation terminates on the death or remarriage of the recipient spouse; the length of the marriage; the number and age of children; whether the obligation is payable in installments over a substantial period of time or

---

**3.** The plaintiff was represented by counsel with respect to the preparation and execution of this agreement, but the debtor chose to represent himself with respect thereto.

**4.** In light of our disposition of this case, the exact amount of the debt is not important.

is a lump sum payment; whether the obligation was incurred for a necessity; and whether the obligation is intended to provide economic security. See, e.g., *Hixson v. Hixson,* 23 B.R. 492, 495 (Bankr.S.D. Ohio 1982); *In re Alloway, supra,* at 37 B.R. 425, *In re Petoske,* 16 B.R. 412, 413–14 (Bankr.E.D.N.Y.1982).

■ In the present case, the only evidence before us, by express agreement of the parties, is the post-nuptial agreement itself, the fact that the marriage lasted for slightly over two years, and the fact that there were no children born of the marriage. Thus, there is no evidence as to several of the aforementioned factors to guide us in determining the parties' intent.

We find that the post-nuptial agreement itself is ambiguous and inconclusive as to whether the parties intended for the paragraph 4 payments to serve as payments in the nature of alimony. It is certainly possible that that was their intention in light of their division of personal property in paragraph 3 of the agreement, as the plaintiff suggests. However, as the debtor argues, the above-quoted paragraph 5, in which rights to alimony, support, and maintenance are expressly waived, suggests a different intention, including the possibility that the paragraph 4 payments were intended to serve as some type of property settlement. On its face, paragraph 3 in no way rules out this latter possibility. While far from conclusive, we also note that, unlike traditional forms of alimony, the paragraph 4 payment obligation does not terminate on the death or remarriage of the plaintiff. The two items of evidence other than the agreement—the relatively short length of the marriage and the lack of children—tend to suggest that the paragraph 4 payments were not intended to serve as alimony, maintenance, or support.

For all of the foregoing reasons, we conclude that the plaintiff has clearly failed to meet her burden of proving that the debt in question is for alimony, maintenance, or support and thus nondischargeable within the meaning of § 523(a)(5). See *In re Alloway, supra,* for the same holding on a more extensive record and on facts more favorable to the plaintiff ex-wife than in the present case. Therefore, we shall deny the relief requested in the plaintiff's complaint and find the debt in question to be dischargeable.