**In re Joseph ROOKER and Kathy Rooker, a/k/a Kathy Hovenstine, Debtor.**

**Linda M. ROOKER, Plaintiff,**

v.

**Joseph C. ROOKER, Defendant.**

Bankruptcy No. 5–89–00919.
Adv. No. 5–90–0014.

United States Bankruptcy Court,
M.D. Pennsylvania.

July 5, 1990.

Norman M. Lubin, Williamsport, Pa., for plaintiff.

James R. Protasio, Williamsport, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a Complaint of Linda M. Rooker (hereinafter "Plaintiff") requesting determination of dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code. For the reasons provided herein, we find the debts subject to the Complaint are dischargeable.

The facts are as follows. On or about November 12, 1987, plaintiff filed a divorce action which included a request for equitable distribution and counsel fees. A decree in divorce was issued on December 27, 1988. A Master was appointed and a hearing was held on January 17, 1989 resulting in a Master's Report and Recommendation, which was approved by Order of the Court of Common Pleas of Lycoming County, Pennsylvania on October 4, 1989. Pursuant to both the Court's Order and the Master's Report and Recommendation, the defendant, Joseph C. Rooker (hereinafter "Defendant") was to make periodic payments for sums certain to the plaintiff. These payments are the subject of the present dischargeability complaint. The plaintiff claims the periodic payments are in the nature of support, alimony, and maintenance for the plaintiff and her minor children and are nondischargeable under § 523(a)(5). The defendant responds that his obligation to make the periodic payments were part of an equitable distribution order and are not in the nature of support, alimony or maintenance and are dischargeable.

## DISCUSSION

Section 523(a)(5) reads as follows:

## § 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1128(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

\*    \*    \*    \*    \*    \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a government unit, or property settlement agreement, but not to the extent that

    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

While there is no dearth of case law discussing the requirements of an exception to discharge found under § 523(a)(5), we find much guidance in an opinion authored by Judge Emil Goldhaber from the Eastern District of Pennsylvania. In the case of *In re Alloway*, 37 B.R. 420 (Bankr. E.D.Pa. (1984)), Judge Goldhaber outlines the requirements needed to find a debt nondischargeable under § 523(a)(5) and reviews the factors relevant to distinguishing whether a debt is in the nature of alimony or a property settlement. To make a proper determination as to whether the debt is dischargeable under § 523(a)(5), the *Alloway* court provided the following:

    "This section has four requirements: (1) the debt must be owed to a spouse, former spouse, or child of the debtor; (2) for alimony, maintenance or support; (3) arising under a separation agreement, divorce decree or property settlement agreement; and (4) it must not be assigned except under § 402(a)(26) of the Social Security Act. § 523(a)(5). Thus, § 523(a)(5) will not bar the discharge of an obligation from the debtor to his former spouse unless the debt is for alimony, maintenance or support. Whether in any given case such obligations are in fact for 'support' and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as the trier of the facts in light of all the facts and circumstances relevant to the intention of the parties. *Williams v. Williams*, 703 F.2d 1055, 1057–58 (8th Cir.1983)."

To make a determination we must look to the language found in the Master's Report and Recommendation and the Court's Order approving the Master's Report and Recommendation. Under the heading "Equitable Distribution" and in particular on Page 2, the Master writes as follows:

    "The methodology employed by the Masters of Lycoming County in equitable distribution cases is to identify all of the assets of a marriage, value them and then apply the criteria dictated by the Pennsylvania Divorce Code in determining distribution that is equitable."

Further then in the same paragraph on Page 3, the Master continues with the following:

    "What may make the case more complicated is the fact that there is also a considerable amount of debt associated with the separation and this also must be allocated by using the same equitable distribution principles."

Further on Page 5, the Master writes:

    "Distribution would not normally be very difficult in such a case, however, in the instant case, it appears that there is considerable debt which must also be allocated by the Master."

The Master then determined what the marital debt was and decided to "split it evenly." See Report at Page 7. The Master found that the plaintiff was a more responsible party in the marriage and determined that the defendant should pay the plaintiff his portion of the marital debt. On Page 9

of the Report the Master indicates that defendant's ability to pay the indebtedness was questionable and, therefore, he permitted the defendant to pay $100 per month until the indebtedness was paid in full. Likewise, he determined that the defendant should pay a portion of the legal services provided to the plaintiff and recommended that defendant pay a certain amount per month until that portion of the debt was paid in full.

Turning to the Court of Common Pleas Order approving the Master's Report and Recommendation dated October 4, 1989 and in particular at Paragraph 3, the Court writes:

"The remaining personal debt of the parties shall be assumed equally."

The Order further provides that the defendant should pay a certain sum per month until the indebtedness is paid in full.

The issue, in short, is whether this division of debts by the Court was intended to provide support or whether it was an equalization of property rights. In *In re Maitlan*, 658 F.2d 466 (7th Cir.1981), the Court held that an indebtedness in a divorce decree that merely divides the marital property is dischargeable. We find such to be the case in this matter. There is absolutely no indication whatsoever in either the Master's Report or the Court Order that the division of the marital debt to be paid equally by the plaintiff and the defendant was to be anything but a equitable division of the marital property.

It is apparent, therefore, that the debts in question were simply divided equally by the Master without any suggestion that the division was intended to provide support. Under these circumstances, it must be concluded that such debts are dischargeable in bankruptcy. Therefore, we enter the following.

### ORDER

AND NOW, at Wilkes–Barre, this 5th day of July, 1990, it is hereby

ORDERED that the Complaint filed by the plaintiff, Linda M. Rooker, is hereby dismissed; and further

ORDERED that Joseph C. Rooker's obligation to contribute his share of the marital debt and to also reimburse the plaintiff for her attorney's fees pursuant to the Master's Report and Recommendation and the Order of the Court of Common Pleas of Lycoming County are hereby discharged; and further

ORDERED that the Clerk of the court shall file this document as the judgment of the court.