**In the Matter of Edmund J. JACOBSEN, Debtor.**

**Margaret JACOBSEN, Plaintiff,**

v.

**Edmund J. JACOBSEN, Defendant.**

**Bankruptcy No. BK92–40456.
Adv. No. A92–4065.**

United States Bankruptcy Court,
D. Nebraska.

Oct. 1, 1993.

**240**

James Nisley, North Platte, NE, for Edmund J. Jacobsen.

H.I. King, Aberdeen, SD, for Margaret Jacobsen.

### *JOURNAL ENTRY*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This adversary proceeding came before the court for trial on July 28, 1993. Mr. James Nisley appeared on behalf of Edmund J. Jacobsen. Mr. H.I. King appeared on behalf of Margaret O. Jacobsen. The plaintiff, Margaret O. Jacobsen, seeks a declaration that the debtor's obligation to make certain payments to her is not dischargeable pursuant to § 523(a)(5). I conclude that such obligation is excepted from discharge.

### *FINDINGS OF FACT*

The plaintiff and debtor were married in Aberdeen, South Dakota on February 1, 1964. They were divorced approximately 24 years later on November 24, 1987. During the course of the marriage, children were born and property was acquired by the parties. A divorce was granted on November 18, 1987, by stipulation of the parties pursuant to a Divorce Settlement Agreement, which was incorporated into the judgment

and decree of divorce. The Divorce Settlement Agreement was also incorporated into an amended judgment and decree of divorce entered November 24, 1987. The Divorce Settlement Agreement apportioned property to the plaintiff and to the debtor. In exchange for plaintiff's quitclaim deed to debtor for the parties' marital home, located in Aberdeen, South Dakota, the debtor agreed to pay plaintiff the sum of $64,000.00, without interest. The $64,000.00 was to be paid over an eight year period with a $4,000.00 payment due on June 1st and December 1st of each year, and with the first payment to commence on June 1, 1988. The final payment is due on December 1, 1995. The Divorce Settlement Agreement also provided that possession and ownership of the marital home would be vested in the debtor.

Pursuant to the Divorce Settlement Agreement, the debtor was required to pay the plaintiff $700.00 per month, beginning November 1, 1987 and ending December 1, 1985. The parties specifically agreed that the $700.00 per month payment would constitute child support or, if the children no longer resided with the plaintiff, the $700.00 per month payment would continue and be treated as alimony.

There is no dispute as to whether the debtor's obligation to pay the $700.00 per month is dischargeable. The parties agree that the debtor's obligation to pay the $700.00 per month is not dischargeable in bankruptcy under § 523(a)(5).

However, there is a dispute as to whether the $64,000.00 payment by the debtor to the plaintiff is dischargeable. As stated above, the defendant agreed to pay plaintiff or the plaintiff's estate $4,000.00 on June 1, 1988, and a second payment of $4,000.00 on December 1, 1988. Such payments were to continue bi-annually on June 1st and December 1st of each following year, with a final payment being due on December 1, 1995. The debtor contends that his obligation to pay $64,000.00 to the plaintiff was in the nature of a property settlement obligation, and therefore is dischargeable in bankruptcy. The plaintiff contends that the debtor's obligation to pay $64,000.00 is in the nature of

support for her and the children, and as such is not dischargeable under § 523(a)(7).

At the time of the divorce Ms. Jacobsen did not earn and did not anticipate earning sufficient money to support herself and the children. She anticipated that she would not have sufficient income to meet living expenses for herself and her children unless she received the $4,000.00 payment twice per year.

I conclude that from the standpoint of Mrs. Jacobsen, when she entered into the settlement agreement with her husband, she basically bargained for an income stream sufficient to provide for her support and the support of her children until they graduated from high school. As an incident to that property settlement agreement, she gave up her right to a separate alimony payment denominated as such. However, it is clear to me that the parties envisioned that she would need the $4,000.00 payments in order to provide for her support and the support of the children.

### DISCUSSION

This case is difficult to decide only because of the relative clarity of the language in the state court orders and in the settlement agreement, pursuant to which debtor's obligations are expressly for property settlement. However, it is well-settled that the language of the state court decree and the property settlement agreement is not binding upon the bankruptcy court determination under § 523. Whether the $4,000.00 payments in this case are in the nature of support, and therefore excepted from discharge, is a federal question under § 523, which is not controlled by the language utilized by state courts and the parties to the case. Whether the payments are for support or are part of a property settlement is a question of fact to be decided by the bankruptcy court, and the findings of fact on such question may be set aside on appeal only if clearly erroneous. *Williams v. Williams*, 703 F.2d 1055 (8th Cir.1983). As stated by the Eighth Circuit Court of Appeals in *Williams*, the critical question for the bankruptcy court is to determine what purpose the award was intended to serve. Restating the question in light of

the facts and circumstances of this case, the question before me is to determine what purpose the $4,000.00 payments were intended to serve by the parties.

■ I conclude, unequivocally, that Mr. and Mrs. Jacobsen intended the $4,000.00 payments as support for Mrs. Jacobsen and the children. I therefore conclude, as a finding of fact, that the debtor's obligation to pay the unpaid balance of the $64,000.00 as required by the state court decree is in the nature of support and is excepted from discharge by § 523(a)(5).

■ Mr. Nisley, counsel for the debtor, objected to a great deal of evidence on the theory that it violated the parole evidence rule. According to the parole evidence rule, absent fraud, mistake or accident, parole evidence is not admissible to vary or contradict the terms of a written instrument that is complete and unambiguous on its face. See Honorable Barry Russell, *Bankruptcy Evidence Manual* § 21, p. 47 (1990) (citing *In re Swearingen*, 27 B.R. 379 (Bankr.D.Kan. 1983)). However, in deciding whether a divorce decree is ambiguous, a court can consider the surrounding circumstances. See *In re Combs*, 101 B.R. 609, 616 (9th Cir. BAP 1989). Parole evidence is admissible to clarify the intent of the parties. *Id.* I conclude that the parole evidence rule should not be construed to bar the bankruptcy court from considering evidence on the federal question as to whether the payment obligation is a support obligation under the Bankruptcy Code.

In concluding that the debtor's obligations are in the nature of support, I am mindful of the terms of the property settlement agreement by which the $64,000.00 debt and the corresponding $4,000.00 payments are related to the transaction involving the home. At a superficial level, it appears that the debtor retained the home and was to pay the plaintiff $64,000.00 on account of her equity in the home. If that were in fact the case, the $64,000.00 obligation would be a dischargeable property settlement obligation. Furthermore, even if the parties contemplated that the proceeds of the property settlement would be used for support, the related debt would arguably be dischargeable. However, the underlying facts of this case are inconsistent with the terms of the settlement agreement. If there had been $64,000.00, or perhaps $128,000.00 total equity in the home, there would be a logical factual basis for the settlement agreement.

I conclude, as a finding fact, that the debtor's home did not have $64,000.00 equity. The home was sold shortly after the divorce decree, and the proceeds of sale were not sufficient to pay off the pre-existing mortgages and encumbrances on the property. In other words, there was no equity in the home. Therefore, I conclude that the settlement agreement is inconsistent with the underlying facts.

The actual facts indicate there was no equity in the home, the debtor was given the home to do with as he saw fit, and he was obliged to pay plaintiff $4,000.00 twice per year until he paid her the sum of $64,000.00. A carefully drawn settlement agreement should not be permitted to obfuscate or conceal the underlying facts of the case. Mrs. Jacobsen was to receive $64,000.00 over a period of eight years, the payments were to provide for her support and the support of the children, and there was no equity whatsoever in the home.

A separate judgment will be entered declaring that the debtor's obligation to Margaret Jacobsen is not dischargeable in this bankruptcy case.