**In re Dennis Jay PERSKY, Debtor.**

**No. 02–52240–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 1, 2003.

Scott A. Greenberg, Sandberg, Phoenix & von Gontard, St. Louis, MO, for Laurie Persky.

Fredrich J. Cruse, The Cruse Law Firm, P.C., Hannibal, MO, trustee.

Stuart J. Radloff, Radloff & Riske, St. Louis, MO, for Debtor.

Peter D. Kerth, Clayton, MO, for UBS Paine Webber.

### ORDER

JAMES J. BARTA, Chief Judge.

The matter being considered here is the motion of Dennis Jay Persky ("Debtor"), for an immediate interim distribution in the amount of $27,531.23 from the Chapter

7 estate funds to Laurie Persky ("Claimant"), the Debtor's non-debtor former spouse. After notice was given to all creditors, one written objection was filed on behalf of USB Paine Webber ("Paine Webber"), a creditor.

At the hearing on June 26, 2003, oral argument was presented by Counsel for the Claimant in support of the Debtor's motion and by Counsel for Paine Webber in opposition. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The following Stipulation of Fact was submitted by the Parties at the hearing:

1. Laurie Persky is the former spouse of Debtor, Dennis Persky.

2. The dissolution of the marriage ("Dissolution") was ultimately resolved after negotiating a settlement on or about November 7, 2001. A true and correct copy of the Separation Agreement and Stipulation for Property Settlement, Child Custody, Support and Maintenance ("Separation Agreement") is attached hereto as *Exhibit "A"* and by this reference made a part hereof. (*Exhibit "A" not attached to this Order.*)

3. At the time of the Dissolution, Debtor owed a debt to PaineWebber in the approximate amount of $1,300,000 (the "PaineWebber Debt"). The PaineWebber Debt was being repaid through a forgiveness of a percentage of the debt each month. As a portion of the debt was forgiven by PaineWebber each month, approximately $7,600 per month was deducted from Debtor's paycheck to account for the tax consequences of the forgiveness of said debt.

4. Laurie Persky asserted during the Dissolution, and if called upon to testify in this proceeding would testify that her reasonable living expenses at the time of the Dissolution were $8,456.72 per month. A true and correct copy of the Statement of Income and Expenses filed by Debtor and Laurie Persky in the Dissolution is attached hereto as *Exhibit "B"* and by this reference made a part hereof. (*Exhibit "B" not attached to this Order.*)

5. Laurie Persky asserted during the Dissolution, and if called upon to testify in this proceeding would testify that at the time of the Dissolution she was unable to support herself and pay her reasonable living expenses without receiving maintenance from the Debtor.

6. The Debtor asserted during the Dissolution that he was unable to pay for all of Laurie Persky's monthly expenses as a result of his diminished income, living expenses and the tax withholding being withheld from his paycheck from Paine-Webber.

7. In addition to the maintenance set forth in Paragraph One of the Separation Agreement, it was agreed Debtor would also pay Laurie Persky an additional $25,000 referred to in the Separation Agreement on page 12 as "Lump Sum Maintenance", for her support. It was agreed said payment would be paid at a future date when he would be able to do so. The parties agreed that Debtor would be able to do so upon the earlier of: November 1, 2006, the date upon which the forgiveness of debt tax payments would cease being deducted from Debtor's paycheck at PaineWebber; or sixty (60) days after the death of Debtor's mother, as at the time, Debtor expected to receive a

substantial inheritance from his mother's estate from which he could pay the "Lump Sum Maintenance".

8. Because of the delay in Debtor's ability to pay and the fact that it was agreed that he would pay in the future, it was agreed that the $25,000 payment would be non-taxable to Laurie Persky.

9. At the time of the Dissolution Laurie Persky believed, and if called upon to testify would testify, that the $25,000 payment was meant to be additional support for Laurie Persky as she believed the maintenance otherwise being paid pursuant to the Separation Agreement was not sufficient to meet her monthly obligations.

The Claimant is the Plaintiff in a pending Adversary Proceeding against the Debtor, wherein she has requested a determination of non-dischargeability of debts based on the Separation Agreement and Court Order in the dissolution proceeding. The debts described in the matter being determined here are included in the Adversary Proceeding.

This proceeding is a request to allow a claim as a priority under 11 U.S.C. § 507(a)(7), based upon the Parties' agreement during the dissolution proceedings. If the claim is allowed under Section 507(a)(7), the Debtor and the Claimant have requested that the Chapter 7 Trustee be directed to make an immediate, full distribution to the Claimant. The Trustee has not opposed this request, and it appears that sufficient assets are available to pay allowed priority claims.

The period within which to file a timely proof of claim had not expired as of the date of this hearing. The record reflects that the Claimant has not filed a proof of claim in this case. Nonetheless, the Parties agreed to conduct this matter as a request for immediate payment by the Trustee of a timely filed priority claim under Section 507(a)(7), because the outcome here may eliminate the need for a trial in the Adversary Proceeding. The determinations in this claims proceeding will not include a determination of dischargeability of the debt, although the standards applied here may be identical to those established under Section 523(a)(5).

 Although the Parties labeled this distribution as "Lump Sum Maintenance", the Bankruptcy Court is not precluded from conducting a further inquiry to determine if the distribution is actually in the nature of maintenance, alimony or support. *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir.1983).

The Debtor has argued inconsistent positions in the Bankruptcy case. In the Chapter 7 Schedules, the Debtor has identified the obligation to his former spouse as a general unsecured claim arising from a property settlement. In this motion, the Debtor has argued that the debt is a seventh priority claim arising from an award for maintenance, alimony or support. The Debtor has not filed a written answer or other response in the Adversary Proceeding concerning dischargeability.

In addition to the distribution labeled "Lump Sum Maintenance", the Parties' Separation Agreement included specific distributions labeled "Modifiable Maintenance" and "Child Custody and Support". The language in these and related paragraphs is consistent with the language usually associated with awards for maintenance, alimony or support.

At the hearing in this matter, several questions were suggested concerning the accuracy of the Parties' income and expense information submitted in connection with the dissolution proceeding. Upon consideration of all the evidence in this matter, the Court finds and concludes that the Parties' relative economic positions at

the time of the dissolution do not support a determination that a $25,000.00 lump sum payment was necessary for the reasonable support of the Claimant.

There is no logical correlation between the amount of this payment and the actual disparity between the Parties' economic positions at the time of the dissolution, such that the Court could determine that the payment was maintenance, alimony or support rather than a property settlement.

The Debtor and the Claimant received other distributions of property and value as part of the Separation Agreement.

As part of the Separation Agreement, the Parties agreed that the lump sum payment was to become due and payable on the earlier of the following dates: a) November 1, 2006 or, b) Sixty (60) days after the death of the Debtors' mother. The Claimant has asserted that the Debtor's mother passed away on or about October 18, 2001, prior to the commencement of this case.

The Parties agreed that the lump sum payment would not be includable as taxable income to the Claimant, and would not be available as a tax deduction to the Debtor, contrary to what might usually be provided in a more traditional award of maintenance, alimony or support.

The Court finds and concludes that the payment for "Lump Sum Maintenance" is not actually in the nature of maintenance, alimony or support for purposes of this claim determination under Section 507.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's application to allow the Claimant's claim in the amount of $25,000.00 as a priority claim that is actually in the nature of maintenance, alimony or support under Section 507(a)(7) is denied; and

That the Debtor's application for an interim distribution in the amount of $25,000.00 from the assets of this estate is denied; and

That by agreement of the Parties, the Debtor's application for an interim distribution to the Claimant for other maintenance and support obligations in the approximate amount of $2,531.23 is granted; and that upon receipt of evidence of the filing of a proof of claim that is otherwise allowed, the Chapter 7 Trustee is to distribute the allowed amount as a priority claim under Section 507(a)(7).