**Jeannine Ann BARTON, Plaintiff and Appellee,**

v.

**Donald L. BARTON, Defendant and Appellant.**

**No. 18737.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1994.

Decided June 28, 1995.

---

Debra D. Watson of Watson Law Office, Rapid City, for plaintiff and appellee.

Wayne Gilbert of Johnson and Huffman, Rapid City, for defendant and appellant.

PER CURIAM.

Donald L. Barton (Donald) appeals a trial court order clarifying the provisions of a divorce decree relating to the property division, alimony and award of attorney's fees. We affirm.

## FACTS

Donald and Jeannine A. Barton (Jeannine) were divorced with the entry of a divorce decree on February 12, 1993. The decree contains the following pertinent provisions:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED That Donald L. Barton shall pay unto Jeannine A. Barton the sum of One Hundred Fifty Thousand Dollars ($150,000) plus post-judgment interest at the highest rate allowed by law from and after August 10, 1992 to compensate her for her property interest in Barton Construction, Inc.;

> \* \* \* \* \* \*

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED That Donald L. Barton pay unto Jeannine A. Barton permanent alimony in the sum of Seven Hundred Dollars ($700) per month, payable from and after August 1, 1992 until her remarriage or death, or the death of [Donald];

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED That Donald L. Barton shall pay [Jeannine's] counsel ... the sum of Fifteen Thousand Forty-

nine Dollars ($15,049) plus post-judgment interest as allowed by law as and for [Jeannine's] attorney fees incurred in the prosecution of the divorce action[.]

On September 24, 1993, Jeannine filed a motion for a show cause order. Jeannine requested that the trial court determine the $150,000 awarded for her interest in the construction company and the $15,049 awarded for her attorney's fees were actually intended as a form of support that is nondischargeable in bankruptcy. During the show cause hearing, Jeannine's counsel advised the trial court that, after entry of the divorce decree, Donald had filed for bankruptcy in Wyoming in order to discharge his debts to Jeannine. The Bankruptcy Court was seeking the trial court's guidance in determining whether the debts at issue were for nondischargeable support or dischargeable as part of the property division.

The trial court entered its findings of fact, conclusions of law and order clarifying judgment on February 23, 1994. The court determined that $40,000 of the original $150,000 awarded for Jeannine's interest in the construction company was intended as maintenance and support and that its award of attorney's fees to Jeannine was also intended as support. The court awarded Jeannine $7,699.24 as post-judgment interest on the $150,000 judgment and $2,984.65 as post-judgment interest on the award of attorney's fees.

## ISSUE

WAS THE TRIAL COURT CLEARLY ERRONEOUS IN FINDING PART OF THE AWARD FOR JEANNINE'S INTEREST IN THE CONSTRUCTION COMPANY AND THE AWARD OF ATTORNEY'S FEES WERE IN THE NATURE OF SUPPORT AND NONDISCHARGEABLE IN BANKRUPTCY?

Debt to a former spouse for alimony, maintenance, or support or support of the couple's children is not dischargeable in bankruptcy. *Hogie v. Hogie,* 527 N.W.2d 915 (S.D.1995). However, debts to a former spouse resulting from the division of marital assets and liabilities are dischargeable. *Id.*[1] The federal bankruptcy courts and any appropriate nonbankruptcy forum have concurrent jurisdiction over these issues of dischargeability. *Id.* Whether a particular debt constitutes a nondischargeable support obligation is an issue of federal, not state law.[2] *Id.* It is also an issue of fact reviewable under the clearly erroneous standard. *Id.* "A finding is clearly erroneous when, after a review of all the evidence, this court is left with a definite and firm conviction that a mistake has been made." *Hogie,* 527 N.W.2d at 919. In this instance, we find no clear error in the trial court's findings concerning the nature of Donald's debts to Jeannine.

"We do not examine the parties' present circumstances to find the distinction between alimony awards and property distributions. 'Rather, the crucial question is what function did the parties intend the agreement to serve when they entered into it.'" *Hogie,* 527 N.W.2d at 919 (quoting *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984)). In *Hogie,* however, the divorce decree was based upon an agreement by the parties which was approved by the divorce court. In this case, the divorce decree was the result of contested divorce proceedings. Although the issue remains one of intent, "the inquiry must necessarily focus more upon the intent of the [divorce] court in a contested proceeding[.]" *In re Morel,* 983 F.2d 104, 105 n. 3 (8th Cir.1992).

Here, we need not speculate on the intent of the divorce court regarding the nature of the awards to Jeannine because the

1. The Bankruptcy Reform Act of 1994, which amends the rules for determining dischargeability of marital debt in domestic relations cases, was enacted subsequent to the proceedings in this matter and, therefore, is inapplicable to this case.

2. State law can provide guidance in this area, but, " '[s]ince state law only provides guidance, a debt could be in the "nature of support" under [11 U.S.C.] section 523(a)(5) even though it would not legally qualify as alimony or support under state law.' " *Hogie,* 527 N.W.2d at 919 (quoting *In re Yeates,* 807 F.2d 874, 878 (10th Cir.1986)).

trial court's [3] findings of fact and conclusions of law clearly set forth what its intentions were at the time of the divorce. The court's pertinent foundational findings are:

### IV.

That [Jeannine] incurred reasonable and necessary attorney fees of $15,049 in prosecuting her divorce action.

### V.

That the attorney fees were generated by [Jeannine] so that the alimony and support could be determined by this Court.

### VI.

That this Court intended the award of attorney fees as additional support so that Jeannine Barton could prosecute her divorce action.

### VII.

That at the time of the divorce, Jeannine Barton owned no house, vehicle or other essentials due to the actions of [Donald] in secreting assets, intentionally and willfully placing assets outside the reach of this Court, and divesting himself of assets and income to portray a false financial picture to this Court.

### VIII.

That a portion of the $150,000 judgment was intended as support to allow [Jeannine] to obtain shelter and transportation as a means to obtain economic independence.

Based upon these findings, the trial court concluded:

### II.

That the attorney fee judgment of $15,049 is clearly support to [Jeannine].

\*     \*     \*     \*     \*     \*

### IV.

That $40,000 of the $150,000 was intended by this Court as maintenance and support

to assist [Jeannine] in securing housing and transportation.

In addition to these explicit findings and conclusions, the determination that Donald's debts to Jeannine are in the nature of support is reinforced by the fact that, at the time of the divorce, there was an obvious disparity in the earning capacity and income of the parties. *See, Hogie, supra* (relative earning power of parties and imbalance of income is a factor in determining whether an obligation is for support or part of a property division). Donald's exclusive employment was with the operation of a family-owned construction company. The divorce court found the construction company was merely a thinly disguised personal asset belonging to Donald and that he had free and casual access to all of its assets. Although Donald was less than forthcoming with evidence on the financial status of the company, the divorce court found it had a gross income in 1991 of $1,138,466. The divorce court was also able to set a value for the construction company at an amount exceeding $300,000. In addition, the divorce court found that Donald's reported monthly gross salary was $2,600 plus numerous "perks" he received from the construction company. In contrast, the divorce court found that Jeannine was working as a part-time teacher's aide during the school year and in a gift shop during the summer months for a monthly gross salary of $837.

■ Another factor involved in determining whether an indebtedness is support or property division is whether the former spouse was shown to have suffered in the job market or was otherwise disadvantaged because of a dependent position held in relation to the debtor during the marriage. *Hogie, supra.* This was certainly the case in this instance. The divorce court's findings of fact establish that Jeannine ceased college after two years to enter into the marriage and that she was, primarily, a housewife and mother throughout the twenty-six year duration of the marriage. Additionally, the divorce court specifically found Jeannine's availability for employment to be extremely limited due to

---

**3.** The trial court in the instant matter was the      divorce court in the original divorce proceedings.

the job market and her age. Moreover, although the physical health of both parties was relatively good at the time of their divorce, Jeannine was suffering from significant depression. The age and health of the former spouse is yet another factor relied upon to determine the nature of debts to a former spouse. *Hogie, supra.*

The immense imbalance in the parties' earning power and income, the fact that Jeannine suffered in the job market because of the marriage and Jeannine's age and health clearly support the trial court's determination concerning the nature of Donald's debts to Jeannine. Also supporting that determination is the divorce court's finding that, "in determining the alimony, the Court took into consideration the property division." This is merely another way of stating that the alimony award (or formal order for spousal support) was premised on the property division and that Jeannine's need for alimony would have been greater if the property division had been lower. Thus, it is apparent that, the divorce court clearly viewed a part of the property division as being in the nature of support. The trial court's subsequent findings and order on the issue merely clarify what portion of the property division it considered to be in the nature of support.

■ Finally, with specific regard to the trial court's determination that Donald's debt for Jeannine's attorney's fees is, "clearly support," we note settled federal law that, "undertakings by one spouse to pay the other's debts, *including a debt to a lawyer for fees,* can be 'support' for bankruptcy purposes." *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983) (emphasis added). Once again, given the imbalance in the parties' earning power, Jeannine's disadvantaged status in the job market, her age and health, we can find no clear error in the trial court's determination that the attorney's fees awarded in this case were intended to be in the nature of support to Jeannine.

Affirmed.

MILLER, C.J., SABERS, AMUNDSON and KONENKAMP, JJ., and WUEST, Retired Justice, participating.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted did not participate.